UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

BADARA OUATTARA,

                          Plaintiff,

           v.

AMAZON.COM, INC. and AMAZON.COM SERVICES,
LLC

                        Defendants-Petitioners.
----------------------------------------------------------------------- X

**Civil Action No.:**

**NOTICE OF REMOVAL**

> TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
> FOR THE SOUTHERN DISTRICT OF NEW YORK

Defendants AMAZON.COM, INC. and AMAZON.COM SERVICES LLC file this Notice of Removal of this civil action from the Supreme Court of the State of New York, Bronx County, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. The basis for removal is more particularly stated as follows:

1.    On October 6, 2021, plaintiff, Badara Ouattara, filed a summons and complaint in the Supreme Court of the State of New York, Bronx County against defendants Amazon.com, Inc. and Amazon.com Services, LLC. The action is entitled *Badara Ouattara v. Amazon.com, Inc. and Amazon.com Services, LLC*, and bears Index No. 813543/2021E. As the action is venued in the Supreme Court of the State of New York, Bronx County, removal to the United States District Court for the Southern District of New York is proper.

2.    This civil action arises from a motor vehicle accident that occurred on December 7, 2019. Plaintiff alleges he sustained severe and serious personal injuries when a motor vehicle bearing Ohio license plate TH912 operated by Otabek Tillyaev came into contact with plaintiff's vehicle on the Cross Bronx Expressway near the Jerome Avenue exit in Bronx County, New

York. Plaintiff alleges, *inter alia*, that the negligence of defendants caused the subject accident. Plaintiff seeks to recover damages for personal injuries allegedly caused by defendants' negligence and demands over $75,000 in lost wages alone with respect to damages. Accordingly, the amount in controversy in this suit is in excess, exclusive of interest and costs, of $75,000. *See* 28 U.S.C. § 1332 (a).

3.      Defendants Amazon.com, Inc. and Amazon.com Services, LLC were served with copies of the summons and complaint on October 29, 2021. Copies of the summons, complaint and affidavit of service are annexed hereto as **Exhibit "A."**  Said documents did not contain the total amount of damages sought. *See* **Exhibit A**.

4.      Thereafter, on January 25, 2022, Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon") joined issue by service of an answer, along with a Demand for a Verified Bill of Particulars and various Combined Demands, including a request for supplemental demand pursuant to CPLR 3017(c) setting forth the total damages to which plaintiff deemed he is entitled. Amazon's answer and demands are annexed hereto as **Exhibit "B."**

5.      Plaintiff served a Verified Bill of Particulars, dated January 26, 2022, which was received by Amazon on January 31, 2022, a copy of which is annexed hereto as **Exhibit "C."**  In the bill of particulars, plaintiff claims loss of earnings in the amount of $87,000. *See* **Exhibit C, ¶ 15**.  As plaintiff's bill of particulars, dated January 26, 2022, was received via the mail by Amazon on January 31, 2022, and qualifies as an "other paper" from which it may be first ascertained that the case has become removable, this notice of removal is timely filed pursuant to 28 U.S.C. §§ 1446 (b)(3) and 1446 (c)(3)(A).

6.      This action is one which the United States District Court has original jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. There is complete diversity of citizenship between the plaintiff and Amazon.com, Inc. and Amazon.com Services, LLC.

7.      Plaintiff, Badara Ouattara, is a citizen and resident of the State of New York. *See Exhibits A and B*. For purposes of removal, therefore it must be presumed that plaintiff is now, and was at the time of commencement of this action, a citizen of New York. *See Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019) ("An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile").

8.      Defendant Amazon.com, Inc., is now, and was at the time of commencement of this action, a Delaware corporation and citizen of the State of Delaware and the State of Washington, by virtue of having its principal place of business located at 410 Terry Avenue North, Seattle, Washington, 98109. *See Hertz Corp v Friend*, 559 U.S. 77, 80, 130 S. Ct. 1181, 1183 (2010) (holding a corporation's principal place of business is where the corporation's high level officers direct, control, and coordinate the corporation's activities).

9.      Defendant Amazon.com Services LLC, is now, and was at the time of the commencement of this action, a Delaware limited liability company and a citizen of the State of Delaware and the State of Washington, by virtue of its members being residents of the State of Washington and the State of Delaware. The members of Amazon.com Services LLC are Michael D. Deal and Amazon.com Sales Inc. Michael D. Deal, Vice President and Associate General Counsel of Amazon.com Inc., is a citizen and resident of the State of Washington. Amazon.com Sales Inc. is a Delaware corporation with its principal place of business located at 410 Terry Avenue North, Seattle, Washington, 98109. *See Carden v. Arkomo Assocs.*, 494 U.S. 185, 195-

196 (1990) (holding that diversity jurisdiction in a suit by or against an artificial entity or unincorporated association depends on the citizenship of each of its members).

10.     Therefore, as plaintiff was a resident and domiciliary of the State of New York at the time this action was filed and the Amazon defendants were both citizens of the States of Delaware and Washington, complete diversity exists. Additionally, as plaintiff seeks damages for personal injuries in excess of the $75,000 jurisdictional amount, removal is proper. *See Michael J. Redenburg, Esq. PC v. Midvale Indem. Co.*, 515 F. Supp. 3d 95, 102 (S.D.N.Y. 2021) (holding that the Court had subject-matter jurisdiction because there was complete diversity and the amount in controversy exceeded the jurisdictional amount); *Kings Choice Neckwear, Inc. v. DHL Airways, Inc.,* 2003 US Dist LEXIS 17507 [S.D.N.Y. Oct. 1, 2003] (holding an action based on state law is removable to federal court when the district court would have original jurisdiction because the amount in controversy exceeds $75,000 and, *inter alia,* there is complete diversity of citizenship between plaintiff and defendants, 28 U.S.C. § 1332, provided that none of the parties properly joined and served at the time of removal are residents of the forum state, 28 U.S.C. § 1441 (b)).

11.     It should also be noted that plaintiff has a separate related action seeking damages for the injuries he sustained in the subject accident pending in the Supreme Court of the State of New York, County of Bronx, entitled *Badara Ouattara v Otabek Tillyaev and UZ Freight Inc.* under Index No. 31988/2020E, a copy of said summons and complaint is annexed hereto as **Exhibit "D**.**"** That action is one which the United States District Court also has original jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441, as there is complete diversity of citizenship between the plaintiff and Otabek Tillyaev and UZ Freight Inc.

12.     Pursuant to the police accident report for the subject accident and the summons in the other action, defendant Otabek Tillyaev is a resident and citizen of the State of Ohio, who resides at 12137 Midpines Drive, Cincinnati, Ohio 45241. *See* **Exhibit D**, Summons and **Exhibit "E,"** a copy of the Police Accident Report for the subject accident. As such, for removal purposes, defendant Otabek Tillyaev is a resident of Ohio.

13.     Defendant UZ Freight, Inc., is now, and was at the time of commencement of this action, an Ohio corporation and citizen of the State of Ohio, by virtue of having its principal place of business located in Cincinnati, Ohio. *See Hertz Corp v Friend*, 559 U.S. 77, 77 130 S. Ct. 1181, 1183 (2010) (holding a corporation's principal place of business is where the corporation's high level officers direct, control, and coordinate the corporation's activities). A copy of the State of Ohio Certificate is annexed hereto as **Exhibit "F."**

14.     Therefore, as plaintiff was a resident and domiciliary of the State of New York at the time this action was filed, defendant UZ Freight, Inc. is a resident of Ohio, and defendant Tilyaev is also a resident of Ohio, complete diversity exists in the related action, which we intend to seek to consolidate with this action in Federal Court.  Defendants UZ Freight Inc. and Tilyaev consent to removal of the related action to Federal Court for the purpose of consolidation with this action. Attached hereto as **Exhibit "G"** is a copy of the email consenting to same.

15.     Written notice of the filing of this Notice of Removal will be given to plaintiff and adverse parties promptly after the filing of this Notice of Removal, as required by 28 U.S.C. § 1146 (d).

16.     A true and correct copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, Bronx County, promptly after the filing of this Notice of Removal with the United States District Court, as required by law.

17.     Attached to this Notice of Removal, and by reference made a part hereof, are true and correct copies of all process, pleadings, and orders filed in the above-captioned action as required by 28 U.S.C. § 1446(a).

18.     By filing this Notice of Removal, Amazon does not waive any defense which may be available to them, specifically including, but not limited to, their right to contest in personam jurisdiction over them, improper service of process upon them, and the absence of a basis for venue in this Court or in the court from which the action has been removed.

**WHEREFORE,** defendants, Amazon.com, Inc. and Amazon.com Services LLC pray that this action proceed in this Court as an action properly removed thereto.

Dated: White Plains, New York
        March 2, 2022

                            Yours, etc.

                WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP


                By:     _____
                        John A. Hsu, Esq.
                        *Attorneys for Defendants*
                        AMAZON.COM, INC. and AMAZON.COM
                        SERVICES LLC
                        1133 Westchester Avenue
                        White Plains, NY 10604
                        (914) 323-7000
                        File No. 22080.00999

TO:     BUDIN, REISMAN, KUPFERBERG & BERNSTEIN, LLP
        112 Madison Avenue
        New York, NY 10016
        (212) 696-5500
        File No. MM11469

# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-----------------------------------------------------------------------X

BADARA OUATTARA,

                            Plaintiff,

             -against-

AMAZON.COM, INC., AND AMAZON.COM SERVICES,
LLC,

                        Defendants.

-----------------------------------------------------------------------X

Index No.:

Plaintiff designates Bronx
County as the place of trial.

**SUMMONS**

The basis of venue is:
Plaintiff's residence

Plaintiff resides at:
845 Longfellow Avenue
County of Bronx

**To the above named Defendants**

      **You are hereby summoned** to answer the complaint in this action, and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance on the plaintiff's attorneys within (20) twenty days after the service of this summons
exclusive of the day of service, where service is made by delivery upon you personally within the
state, or within (30) thirty days after completion of service where service is made in any other
manner.  In case of your failure to appear or answer, judgment will be taken against you by default
for the relief demanded in the complaint.

Dated:  New York, New York
         October 5, 2021

                                   ADAM S. BERNSTEIN, ESQ.
                                   BUDIN, REISMAN, KUPFERBERG & BERNSTEIN, LLP
                                   Attorneys for Plaintiff
                                   Office & P.O. Address
                                   112 Madison Avenue
                                   New York, NY  10016
                                   (212) 696-5500
                                   Our File # MM11469

Defendants' Addresses:

AMAZON.COM, INC., C/O Corporation Service Company 300 Deschutes Way SW - Suite 304
Tumwater, WA 98501

AMAZON.COM SERVICES, LLC 2121 7th Avenue Seattle, WA 98121

1

Case 7:22-cv-01753-VB   Document 1   Filed 03/02/22   Page 9 of 102

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------------X
BADARA OUATTARA,

                                     VERIFIED COMPLAINT
                                     Index #

                    Plaintiff,

        -against-

AMAZON.COM, INC., AND AMAZON.COM SERVICES,
LLC,

                    Defendants.
--------------------------------------------------------------------X

      Plaintiff, by his attorneys BUDIN, REISMAN, KUPFERBERG & BERNSTEIN, LLP, as

and for a cause of action alleges upon information and belief as follows:

      1.     That this action is brought pursuant to the provisions of the New York State

Comprehensive Motor Vehicle Insurance Reparations Act and plaintiff has complied with all of the

conditions thereof.

      2.     That plaintiff sustained serious injuries as defined in §5102(d) of the Insurance Law

of the State of New York.

      3.     That by reason of the foregoing, plaintiff is entitled to recover for non-economic

losses as are not included within the definition of "basic economic loss" as set forth in §5102(a) of

the Insurance Law of the State of New York.

      4.     That plaintiff is a "covered person" as defined in §5102(i) of the Insurance Law of

the State of New York.

2

5.    That this action falls within one or more of the exceptions as set forth in CPLR §1602.

6.    Upon information and belief, that at all of the times and places hereinafter mentioned, defendant, AMAZON.COM, INC., was a domestic corporation.

7.    Upon information and belief, that at all of the times and places hereinafter mentioned, defendant, AMAZON.COM, INC., was a foreign corporation.

8.    Upon information and belief, that at all of the times and places hereinafter mentioned, defendant, AMAZON.COM, INC., did business in the State of New York.

9.    Upon information and belief, that at all of the times and places hereinafter mentioned, defendant, AMAZON.COM SERVICES, LLC, was a domestic corporation.

10.    Upon information and belief, that at all of the times and places hereinafter mentioned, defendant, AMAZON.COM SERVICES, LLC, was a foreign corporation.

11.    Upon information and belief, that at all of the times and places hereinafter mentioned, defendant, AMAZON.COM SERVICES, LLC, did business in the State of New York.

12.    Upon information and belief, that at all of the times and places hereinafter mentioned, defendant, AMAZON.COM, INC.,  was the owner of a certain motor vehicle bearing State of Ohio license plate No. TH912.

13.    Upon information and belief, that at all of the times and places hereinafter mentioned, defendant, AMAZON.COM SERVICES, LLC, was the owner of a certain motor vehicle bearing State of Ohio license plate No. TH912.

14.    Upon information and belief, that at all of the times and places hereinafter mentioned, defendant AMAZON.COM, INC., AND AMAZON.COM SERVICES, LLC, were the

3

owners of the motor vehicle involved in the accident that occurred on December 7, 2019 involving

OTABEK TILLYAEV AND UZ FREIGHT INC., which were sued in Action No. 1 under Index

number 31988/2020.

15.     Upon information and belief, that at all of the times and places hereinafter

mentioned, defendant, AMAZON.COM, INC., was the lessee of the aforesaid motor vehicle.

16.     Upon information and belief, that at all of the times and places hereinafter

mentioned, defendant, AMAZON.COM SERVICES, LLC, was the lessee of the aforesaid motor

vehicle.

17.     Upon information and belief, that at all of the times and places hereinafter

mentioned, defendant, AMAZON.COM, INC., was the lessor of the aforesaid motor vehicle.

18.     Upon information and belief, that at all of the times and places hereinafter

mentioned, defendant, AMAZON.COM SERVICES, LLC, was the lessor of the aforesaid motor

vehicle.

19.     Upon information and belief, that at all of the times and places hereinafter

mentioned, defendant, AMAZON.COM, INC., was the registrant of the aforesaid motor vehicle.

20.     Upon information and belief, that at all of the times and places hereinafter

mentioned, defendant, AMAZON.COM SERVICES, LLC, was the registrant of the aforesaid motor

vehicle.

21.     Upon information and belief, that at all of the times and places hereinafter

mentioned, defendant, AMAZON.COM, INC., was the titleholder of the aforesaid motor vehicle.

4

22.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant, AMAZON.COM SERVICES, LLC, was the titleholder of the aforesaid motor vehicle.

23.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant, AMAZON.COM, INC., controlled the aforesaid motor vehicle.

24.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant, AMAZON.COM SERVICES, LLC, controlled the aforesaid motor vehicle.

25.     Upon information and belief that at all of the times and places hereinafter mentioned, defendant, AMAZON.COM, INC., maintained the aforesaid motor vehicle.

26.     Upon information and belief that at all of the times and places hereinafter mentioned, defendant, AMAZON.COM SERVICES, LLC, maintained the aforesaid motor vehicle.

27.     Upon information and belief that at all of the times and places hereinafter mentioned, defendant AMAZON.COM, INC., contracted with UZ FREIGHT INC., to perform delivery services on its behalf and in furtherance of its business, said services inuring to the benefit of defendant AMAZON.COM, INC.

28.     Upon information and belief that at all of the times and places hereinafter mentioned, defendant AMAZON.COM SERVICES, LLC contracted with UZ FREIGHT INC., to perform delivery services on its behalf and in furtherance of its business, said services inuring to the benefit of defendant AMAZON.COM SERVICES, LLC.

29.     Upon information and belief that at all of the times and places hereinafter mentioned, defendant AMAZON.COM, INC., contracted with OTABEK TILLYAEV to perform

5

delivery services on its behalf and in furtherance of its business, said services inuring to the benefit of defendant AMAZON.COM, INC.

30.     Upon information and belief that at all of the times and places hereinafter mentioned, defendant AMAZON.COM SERVICES, LLC contracted with OTABEK TILLYAEV to perform delivery services on its behalf and in furtherance of its business, said services inuring to the benefit of defendant AMAZON.COM SERVICES, LLC.

31.     Upon information and belief that at all of the times and places hereinafter mentioned, that on December 7, 2019, OTABEK TILLYAEV was employed by and/or acting on behalf of the defendant AMAZON.COM, INC.

32.     Upon information and belief that at all of the times and places hereinafter mentioned, that on December 7, 2019, OTABEK TILLYAEV was employed by and/or acting on behalf of the defendant AMAZON.COM SERVICES, LLC.

33.     Upon information and belief, that at all of the times and places hereinafter mentioned, that on December 7, 2019, OTABEK TILLYAEV was operating the aforesaid motor vehicle while in the course of his employment with defendant AMAZON.COM, INC.

34.     Upon information and belief, that at all of the times and places hereinafter mentioned, that on December 7, 2019, OTABEK TILLYAEV was operating the aforesaid motor vehicle while in the course of his employment with defendant AMAZON.COM SERVICES, LLC.

35.     Upon information and belief, that at all of the times and places hereinafter mentioned, OTABEK TILLYAEV was operating the aforesaid motor vehicle with the knowledge, permission and consent of the owner thereof.

6

36.     Upon information and belief that at all of the times and places hereinafter mentioned, the aforesaid motor vehicle was being operated upon the business of the owner thereof.

37.     Upon information and belief, that at all of the times and places hereinafter mentioned, the aforesaid motor vehicle was being operated upon the business of the operator thereof.

38.     Upon information and belief, that at all of the times and places hereinafter mentioned, the operator of the aforesaid motor vehicle was in the employ of the owner thereof.

39.     That at all of the times and places hereinafter mentioned, Cross Bronx Expressway and Jerome Avenue, Bronx, New York, in the County of Bronx and State of New york, were public roadways and thoroughfares.

40.     That at all of the times and places hereinafter mentioned, plaintiff was operating a certain motor vehicle bearing State of New York plate number T663057C.

41.     That on or about December 7, 2019, on the Cross Bronx Expressway near the Jerome Avenue exit, Bronx, New York, in the County of Bronx, and State of New York, there was contact between the defendants' motor vehicle and plaintiff's motor vehicle.

42.     That the said accident and the injuries and damages to the plaintiff resulting therefrom were caused solely and wholly by reason of the negligence, carelessness and recklessness of the defendants in the ownership, operation and control of their motor vehicle, in that they failed to have and keep the same under reasonable and proper control; in that caused, allowed and permitted motor vehicle to run into and violently collide with the rear of plaintiffs motor vehicle; in that they failed to bring their motor vehicle under control in time to avoid the collision; in that they failed to have their attention before them; in that they failed to look; in that they failed to see; in that

7

they operated and controlled their motor vehicle at a fast and excessive rate of speed under the circumstances and conditions then and there prevailing; in that they failed to provide and/or make prompt and timely use of adequate and efficient brakes and steering mechanisms; in failing to apply the brakes of their motor vehicle or to take other proper and appropriate evasive action in time to avoid running into and violently colliding with the plaintiffs motor vehicle; in operating the aforesaid motor vehicle in an unreasonable and imprudent manner; in that they operated and controlled their motor vehicle in reckless disregard for the safety of others, and the plaintiff in particular; in that they violated the statutes, ordinances, rules and regulations in the cases made and provided; in that they were inattentive to their duties wherein had they been attentive to their duties the accident and ensuing injuries could have and would have been avoided; in that they failed to act as a reasonable and prudent person could have and would have under the circumstances and conditions then and there prevailing; in that they controlled the means, the methods and the performance of their deliveries with strict standards that negatively impacted the safety of those utilizing the roads; in that they operated and controlled their motor vehicle in such a willful, wanton and grossly culpable manner as to be liable for damages and punitive damages; in that they acted in reckless disregard for the safety of others, and the plaintiff in particular; and in that they failed to take all necessary and proper means and precautions to avoid the said accident.

43. That as a result of the negligence of the defendants, plaintiff sustained injuries to various parts of his head, body, limbs and nervous system and, upon information and belief, some of his said injuries are of a permanent and/or protracted nature; that by reason thereof, he was confined to hospital, bed and home and prevented from attending to his usual duties and daily activities; and

8

he was required and will be required to obtain medical aid and attention in an effort to cure and alleviate his said injuries, and incurred obligations therefor.

WHEREFORE, plaintiff demands judgment against the defendants in an amount that exceeds the jurisdictional limits of all of the lower Courts, together with interest, and the costs and disbursements of this action.

Dated:     New York, New York
           October 5, 2021

Yours, etc.

_____
ADAM S. BERNSTEIN, ESQ.
BUDIN, REISMAN, KUPFERBERG & BERNSTEIN, LLP
Attorneys for Plaintiff
Office and P.O. Address
112 Madison Avenue, 2nd Floor
New York, New York 10016-7416
(212) 696-5500
Our File # MM11469;

9

VERIFICATION

The undersigned, being an attorney duly admitted to practice in the Courts of the State of

New York, affirms under the penalties of perjury:

That I am one of the attorneys for the plaintiff in the within action; that I have read and

know the contents of the foregoing complaint, and that the same is true to my own knowledge,

except as to the matters therein stated to be alleged upon information and belief, and that as to those

matters I believe it to be true.

This verification is made by affirmation and not by plaintiff herein because the plaintiff is

not presently within the county wherein affirmant maintains an office.

This verification is based on information furnished by plaintiff in this action and

information contained in affirmant's file.

Dated:     New York, New York
           October 5, 2021

_____

ADAM S. BERNSTEIN

SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY

| | |
|---|---|
| BADARA OUATTARA | Y<br>JOB #: 38907<br>CILIENT FILE #::MM11469<br>INDEX #: 813543/2021E<br>DATE FILED: 10/6/2021<br>COURT DATE::<br>JUDGE: |
| *Plaintiff* | |
| *vs* | |
| AMAZON.COM, INC., ET ANO | BUDIN, REISMAN, KUPFERBERG & BERNSTE<br>112 MADISON AVE, 2FL<br>NEW YORK, NY 10016 |
| *Defendant* | |

## AFFIDAVIT OF SERVICE BY THE NEW YORK SECRETARY OF STATE

STATE OF NEW YORK, COUNTY OF SARATOGA        SS:

I, **Harold Johnson**, being duly sworn deposes and says deponent is over the age of twenty-one (21) years; deponent is not a party to this action and resides in the State of New York.

That on **10/29/2021** at **11:10 AM** at the office of the Secretary of State of the State of New York, at 99 Washington Avenue, Albany, NY 12231, deponent served the annexed:

### SUMMONS & VERIFIED COMPLAINT/INDEX# & DATE FILED, on

### AMAZON.COM, INC. sued herein as AMAZON.COM.CA, INC.

Defendant in this action, by personally delivering to and leaving with **AMY LESCH, Agent for Service of Process** in the Office of the Secretary of State of the State of New York, two (2) true copies thereof and that at the time of making such service, deponent paid said Secretary of State a fee of $40.00 dollars; that said service was made pursuant to:
**Section 306 FOREIGN BUSINESS CORPORATION LAW.**

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said Defendant.

A description of the person served on behalf of the Defendant is as follows:
Approx Age: 36 - 50 Yrs., Approx Weight: 161-200 Lbs., Approx Height: 5' 9" - 6' 0", Sex: Female, Skin: White, Hair: Brown Other:

*Christina M Altieri*

Sworn to before me on 11/3/2021
Christina M. Altieri
Notary Public, State of New York
No.: 01AL6023113, Qualified in Saratoga County
Commission Expires April 12, 2023

_____
Harold Johnson

Triple A Process Service: PO Box 2307, Seaford, NY 11783: (516) 826-9600

1 of 1

|  |  |
|---|---|
| BADARA OUATTARA | Y<br>JOB #: 38908<br>CILIENT FILE #::MM11469<br>INDEX #: 813543/2021E<br>DATE FILED: 10/6/2021<br>COURT DATE::<br>JUDGE: |
| *Plaintiff* |  |
| *vs* |  |
| AMAZON.COM, INC., ET ANO | BUDIN, REISMAN, KUPFERBERG & BERNSTE<br>112 MADISON AVE, 2FL<br>NEW YORK, NY 10016 |
| *Defendant* |  |

### AFFIDAVIT OF SERVICE BY THE NEW YORK SECRETARY OF STATE

STATE OF NEW YORK, COUNTY OF SARATOGA     SS:

I, **Harold Johnson**, being duly sworn deposes and says deponent is over the age of twenty-one (21) years; deponent is not a party to this action and resides in the State of New York.

That on **10/29/2021** at **11:10 AM** at the office of the Secretary of State of the State of New York, at 99 Washington Avenue, Albany, NY 12231, deponent served the annexed:

### SUMMONS & VERIFIED COMPLAINT/INDEX# & DATE FILED, on

### AMAZON.COM SERVICES LLC

Defendant in this action, by personally delivering to and leaving with **AMY LESCH, Agent for Service of Process** in the Office of the Secretary of State of the State of New York, two (2) true copies thereof and that at the time of making such service, deponent paid said Secretary of State a fee of $40.00 dollars; that said service was made pursuant to:
**Section 303 DOMESTIC LIMITED LIABILITY COMPANY LAW.**

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said Defendant.

A description of the person served on behalf of the Defendant is as follows:
Approx Age: 36 - 50 Yrs., Approx Weight: 161-200 Lbs., Approx Height: 5' 9" - 6' 0", Sex: Female, Skin: White, Hair: Brown Other:

*Christina M Altieri*

Sworn to before me on 11/3/2021

Christina M. Altieri
Notary Public, State of New York
No.: 01AL6023113, Qualified in Saratoga County
Commission Expires April 12, 2023

_____
Harold Johnson

Triple A Process Service: PO Box 2307, Seaford, NY 11783: (516) 826-9600

1 of 1

# EXHIBIT "B"

Case 7:22-cv-01753-VB   Document 1   Filed 03/02/22   Page 21 of 102

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------------- x

BADARA OUATTARA,

                                 Index No.: 813543/2021E

                   Plaintiff,

        -against-

                                      **VERIFIED ANSWER**

AMAZON.COM, INC. and AMAZON.COM SERVICES,
LLC,

                   Defendants.

-------------------------------------------------------------------- x

       Defendants, AMAZON.COM, INC. and AMAZON.COM SERVICES, LLC, by

and through their attorneys WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER

LLP, as and for its Verified Answer to the plaintiff' Complaint, allege upon information

and belief as follows:

       1.   Denies any knowledge or information thereof sufficient to form a belief as to the

allegation set forth in paragraph designated "1" of the Complaint.

       2.   Denies each and every allegation set forth in paragraph designated "2" of the

Complaint.

       3.   Denies each and every allegation set forth in paragraph designated "3" of the

Complaint.

       4.   Denies each and every allegation set forth in paragraph designated "4" of the

Complaint.

       5.   Denies each and every allegation set forth in paragraph designated "5" of the

Complaint.

       6.   Denies each and every allegation set forth in paragraph designated "6" of the

Complaint.

265554967v.1

7.  Denies each and every allegation set forth in paragraph designated "7" of the Complaint but Admit that AMAZON.COM, INC., was a foreign corporation on December 7, 2019.

8.  Denies each and every allegation set forth in paragraph designated "8" of the Complaint.

9.  Denies each and every allegation set forth in paragraph designated "9" of the Complaint.

10. Denies each and every allegation set forth in paragraph designated "10" of the Complaint but Admit that AMAZON.COM SERVICES, LLC was a foreign limited liability company on December 7, 2019.

11. Denies each and every allegation set forth in paragraph designated "11" of the Complaint.

12. Denies each and every allegation set forth in paragraph designated "12" of the Complaint.

13. Denies each and every allegation set forth in paragraph designated "13" of the Complaint.

14. Denies each and every allegation set forth in paragraph designated "14" of the Complaint.

15. Denies each and every allegation set forth in paragraph designated "15" of the Complaint.

16. Denies each and every allegation set forth in paragraph designated "16" of the Complaint.

265554967v.1

17. Denies each and every allegation set forth in paragraph designated "17" of the Complaint.

18. Denies each and every allegation set forth in paragraph designated "18" of the Complaint.

19. Denies each and every allegation set forth in paragraph designated "19" of the Complaint.

20. Denies each and every allegation set forth in paragraph designated "20" of the Complaint.

21. Denies each and every allegation set forth in paragraph designated "21" of the Complaint.

22. Denies each and every allegation set forth in paragraph designated "22" of the Complaint.

23. Denies each and every allegation set forth in paragraph designated "23" of the Complaint.

24. Denies each and every allegation set forth in paragraph designated "24" of the Complaint.

25. Denies each and every allegation set forth in paragraph designated "25" of the Complaint.

26. Denies each and every allegation set forth in paragraph designated "26" of the Complaint.

27. Denies each and every allegation set forth in paragraph designated "27" of the Complaint.

265554967v.1

28. Denies each and every allegation set forth in paragraph designated "28" of the Complaint.

29. Denies each and every allegation set forth in paragraph designated "29" of the Complaint.

30. Denies each and every allegation set forth in paragraph designated "30" of the Complaint.

31. Denies each and every allegation set forth in paragraph designated "31" of the Complaint.

32. Denies each and every allegation set forth in paragraph designated "32" of the Complaint.

33. Denies each and every allegation set forth in paragraph designated "33" of the Complaint.

34. Denies each and every allegation set forth in paragraph designated "34" of the Complaint.

35. Denies each and every allegation set forth in paragraph designated "35" of the Complaint.

36. Denies each and every allegation set forth in paragraph designated "36" of the Complaint.

37. Denies each and every allegation set forth in paragraph designated "37" of the Complaint.

38. Denies each and every allegation set forth in paragraph designated "38" of the Complaint.

265554967v.1

39. Denies each and every allegation set forth in paragraph designated "39" of the Complaint.

40. Denies each and every allegation set forth in paragraph designated "40" of the Complaint.

41. Denies each and every allegation set forth in paragraph designated "41" of the Complaint.

42. Denies each and every allegation set forth in paragraph designated "42" of the Complaint.

43. Denies each and every allegation set forth in paragraph designated "43" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

That any injuries sustained or suffered by the plaintiff, as stated in the Verified Complaint herein, were caused in whole or in part by the comparative negligence, fault and/or want of care of the plaintiff and the amount of damages awarded herein, if any, should be denied or diminished in proportion to the amount of said culpable conduct and negligence of plaintiff.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff did not sustain a serious injury as defined in § 5102 (d) of the Insurance Law.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

If plaintiff did sustain an economic loss in excess of "basic economic loss" as defined in § 5102 (a) of the Insurance Law, then plaintiff's exclusive remedy is limited to the benefits and provisions of Article 51 of the Insurance Law.

265554967v.1

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

That all the hazards and risks incident to the circumstances alleged in the Verified Complaint were obvious and apparent and were assumed by the plaintiff.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to utilize appropriate and available seatbelt restraints. Such failure is pleaded as both a complete and partial defense as well as in mitigation of any and all damages. In failing to exercise ordinary care in making use of available seatbelt restraints, plaintiff acted unreasonably and disregarded plaintiff's own best interests.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

That the plaintiff has failed to state a cause of action upon which relief can be granted.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

If plaintiff was caused to sustain damages at the time and place set forth in the plaintiff's Verified Complaint, such damages were caused by the culpable conduct of third-person(s) over whom the answering defendants exercised no control.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The answering defendants reserve the right to claim the limitations of liability provided pursuant Article 16 of the CPLR.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the Verified Complaint.

265554967v.1

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The defendants were not negligent and acted reasonably and prudently based upon the spontaneous, unavoidable, sudden, unexpected and/or emergency circumstances presented.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

If plaintiff sustained any damages, there was an intervening cause or causes which led to such injuries or damages and, as such any act on the part of these defendants were not the proximate cause of plaintiff's damages.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

That the contributory negligence of the plaintiff has barred them from relief against these defendants. If the accident occurred as a result of the plaintiff's own provocation, improper and culpable conduct and the plaintiff is thereby guilty of contributory negligence as a result thereof, in whole or in part.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The Verified Complaint fails to name the necessary party or parties which allegedly caused the alleged damages sustained by the plaintiff.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Any amount awarded to plaintiff against these defendants, must be reduced by any collateral source pursuant to CPLR § 4545.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

The action is federally preempted pursuant to 49 USC § 30106 (the Graves Amendment).

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, service of the Summons and Complaint in this matter were not accomplished in the proper and designated manner as set forth in the CPLR and therefor the proper jurisdictional basis as against the defendants have not been effected.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, this Court has not acquired in personam jurisdiction over answering defendants.

**WHEREFORE**, defendants, AMAZON.COM, INC. and AMAZON.COM SERVICES, LLC, demand judgment against the plaintiff dismissing the Complaint herein, together with the costs and disbursements of this action.

Dated: White Plains, New York
      January 25, 2022

Yours etc.,
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____

John Hsu, Esq.
Attorneys for Defendants
AMAZON.COM, INC. and
AMAZON.COM SERVICES, LLC,
1133 Westchester Avenue
White Plains, New York 10604
(914) 323-7000
File No.: 22080.00999

TO:
Budin, Reisman, Kupferberg & Bernstein, LLP
Adam S. Bernstein, Esq.
112 Madison Avenue
New York, New York 10016
(212) 696-5500
Your File No.: #MM11469

265554967v.1

## ATTORNEY VERIFICATION

STATE OF NEW YORK      )
                             )     ss:
COUNTY OF WESTCHESTER   )

      **JOHN HSU**, being duly sworn, deposes and says:

      That he is a partner of the law firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, attorneys representing defendants AMAZON.COM, INC. and AMAZON.COM SERVICES, LLC That he has read the attached Answer to the Verified Complaint and the same is true to his own belief, except as to the matters alleged on information and belief, and as to those matters, he believes them to be true to the best of his knowledge;

      That deponent's source of information is a claims file containing reports and records of investigation, with which deponent is familiar.

      That this Verification is made by deponent because his client does not reside within the county where the deponent maintains their office.

Dated: White Plains, New York
       January 25, 2022

                                   **JOHN HSU, ESQ.**

265554967v.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------- x
BADARA OUATTARA,

                             Plaintiff,

        -against-

AMAZON.COM, INC. and AMAZON.COM SERVICES,
LLC,

                             Defendants.
-------------------------------------------------------------------- x

                          Index No.: 813543/2021E

                  **DEMAND FOR A VERIFIED
BILL OF PARTICULARS**

       **PLEASE TAKE NOTICE** that defendants, AMAZON.COM, INC. and

AMAZON.COM SERVICES, LLC, by their attorneys, Wilson, Elser, Moskowitz, Edelman &

Dicker LLP, hereby demand that plaintiff provide to said attorneys, within twenty (20) days after

the service hereof, a Verified Bill of Particulars containing responses to the following particulars:

1.      Age of Plaintiff, date of birth, and place of birth.

2.      Maiden Name, if married.

3.      Present address of residence and post office address, if different.

4.      Address of residence at the time of the accident and post office address at the time

of the accident, if different.

5.      Date of accident.

6.      Time of accident.

7.      Address/location of where the accident occurred.

8.      Describe how the accident occurred, and describe the area in the roadway in

which it is claimed that the subject accident occurred, specifying (a) where Plaintiff was in

relation to demarkations on the roadway (using distances) before and at the time of impact; (b)

Page 1 of 39

265562851v.1

how or what occurred for Plaintiff to suffer her alleged injuries, including but not limited to whether Plaintiff's vehicle collided with specific portions of any other vehicle; and (c) how many impacts were involved in the accident.

9.   Set forth how the subject incident occurred and state the traffic controls, if any, that Plaintiff will claim existed at the scene, and whether it will be claimed that the Defendants violated any traffic controls.

10.   Set forth whether Plaintiff adhered to traffic controls and, if so, how.

11.   Identify all witnesses who can state as accurately as possible, the date and time, including the hour and minute insofar as it is possible to do so, at which the incident occurred, and who possess facts or opinions regarding the alleged incident.

12.   Set forth each and every act or omission of negligence on the part of the Defendants which Plaintiff will claim caused or contributed to the alleged occurrence.

13.   Set forth Plaintiff's injuries that were allegedly sustained as a result of, or exacerbated by, the alleged incident:

(a) State whether the alleged injuries are of a temporary or permanent nature; and

(b) In identifying each of Plaintiff's alleged injuries, state the names and addresses of all of the medical care providers, medical facilities, physicians, and surgeons that Plaintiff received treatment from corresponding to each injury.

14.   Was the Plaintiff a member of a union?  If so, state which union.

15.   Does Plaintiff make a claim for lost earnings?  If so, provide the following:

(a)      name and address of employer;

Page 2 of 39

265562851v.1

(b)     the nature of Plaintiff's employment immediately prior to the alleged incident, indicating job title, classification, and position;

(c)     number of days incapacitated, setting forth the dates;

(d)     daily, weekly, or monthly earnings;

(e)     total amount of loss claimed;

(f)     the basis for the claim for lost earnings;

(g)     how the lost wages were calculated; and

(h)     Plaintiff's income (both gross and net) for the year of the alleged accident.

16.     If confined to hospital:

(a)     length of time confined, giving dates; and

(b)     name and address of hospital.

17.     If confined to bed or home:

(a)     length of time confined to bed, giving dates; and

(b)     length of time confined to home giving dates.

18.     Statement of amount of money actually expended for:

(a)     hospital and dates of visits (identify hospital);

(b)     physicians and dates of visits (identify physicians);

(c)     nurses and dates of visits; and

(d)     medicines and dates obtained.

19.     Do you claim that any defect or defective condition of the Co-Defendant'(s) vehicle caused or contributed to the accident?

(a)     If the answer to the preceding question is in the affirmative, please state: a full and complete description of any such defect or defective condition,

Page 3 of 39

265562851v.1

indicating size, shape and color; the date and time in hours and minutes when any such defect or defective condition was learned; and how said defect or defective condition affected the use or operation of the subject vehicle.

(b)    Identify all eyewitness or witnesses that support the claim that there was a defect or defective condition which caused or contributed to the Plaintiff's alleged injuries.

20.    Set forth the basis for Plaintiff's claim that he or she sustained "serious injuries" as defined in Section 5102(d) of the Insurance Law of the State of New York.

(a) In so doing, include the subsections of the Insurance Law of the State of New York which the injuries fall under; and

(b) Identify all witnesses with knowledge to support the claim that Plaintiff sustained "serious injuries" as defined in Section 5102(d) of the Insurance Law of the State of New York.

21.    Does Plaintiff claim that he or she sustained special damages or economic loss as a result of this accident?  If so, set forth the basis for Plaintiff's claim for special damages or economic loss.

22.    Provide a detailed statement as to all acts of negligence, carelessness, or recklessness claimed to have been committed by the Defendant(s) herein, including but not limited to any violations of any statute, regulation, or ordinance of the State of New York or the United States, or both, pertaining to vehicular traffic on the public highways.  In so doing, identify all laws, rules, regulations, or ordinances that are claimed to be either applicable to the accident or to have been violated by the Defendant(s).

Page 4 of 39

265562851v.1

23. State the basis of the claim that the accident occurred solely as a result of the negligence and carelessness of the Defendant(s), without any fault or negligence on the part of (a) Plaintiff, and (b) co-defendant or (c) other third-persons not a party to the subject action, contributing thereto.

24. Identify all persons who inspected, photographed, or tested any part or portion of each of the following: (a) the Co-Defendant's(s) vehicle, (b) the location of the accident, and (c) Plaintiff's alleged injuries.

25. Please state any activities or services performed by Plaintiff prior to the incident, for the loss of which compensation is being claimed, including the number of hours per week which Plaintiff devoted to the activity or service, and the cost, if any, of hiring an employee to perform the service or activity subsequent to the occurrence.

26. If tax returns, either State or Federal, were filed by or on behalf of Plaintiff for the year of Plaintiff's incident, or for either of all of the three years immediately preceding Plaintiff's accident, please state the gross income reported in each such year, and whether the said returns were individual or joint, and the State in which the returns were filed.

27. If Plaintiff was a student, give the name and address of the school attended at or about the time of the incident, and accurately state the length of time incapacitated from attending said school.

28. Set forth all statements made by Plaintiff in writing with respect to the occurrence.

29. Identify all individuals who provided information used in drafting Plaintiff's responses to this Demand for a Verified Bill of Particulars.

Page 5 of 39

265562851v.1

PLEASE TAKE FURTHER NOTICE that failure to comply with this demand will serve

as a basis for a motion to preclude Plaintiff from offering into evidence any of the particulars

demanded herein.

Dated: White Plains, New York
        January 25, 2022

                                        Yours etc.,
                    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP


                    By:     _____
                            John Hsu, Esq.
                            Attorneys for Defendants
                            AMAZON.COM, INC. and
                            AMAZON.COM SERVICES, LLC,
                            1133 Westchester Avenue
                            White Plains, New York 10604
                            (914) 323-7000
                            File No.: 22080.00999

TO:
Budin, Reisman, Kupferberg & Bernstein, LLP
Adam S. Bernstein, Esq.
112 Madison Avenue
New York, New York 10016
(212) 696-5500
Your File No.: #MM11469

265562851v.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------- x
BADARA OUATTARA,

                                           Index No.: 813543/2021E

                       Plaintiff,

       -against-

AMAZON.COM, INC. and AMAZON.COM SERVICES,
LLC,

                        Defendants.
------------------------------------------------------------------- x

**NOTICE TO TAKE
DEPOSITION UPON
ORAL EXAMINATION**

      **PLEASE TAKE NOTICE,** that pursuant to Article 31 of the Civil Practice Law and Rules

the testimony, upon oral examination of the plaintiff(s) will be taken before a Notary Public who is

not an attorney, or employee of an attorney, for any party or prospective party herein and is not a

person who would be disqualified to act as a juror because of interest or because of consanguinity or

affinity to any party herein, at the office of WILSON, ELSER, MOSKOWITZ, EDELMAN &

DICKER LLP, located at 1133 Westchester Avenue, White Plains, New York 10604, on **March 16,**

**2022** with respect to evidence and material necessary in the defense of this action.

      The said person to be examined is required to produce at such examination any and all

documents relative to the claims in the plaintiff's Complaint.

Dated: White Plains, New York
           January 25, 2022

265562851v.1

Yours etc.,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____

John Hsu, Esq.
Attorneys for Defendants
AMAZON.COM, INC. and
AMAZON.COM SERVICES, LLC,
1133 Westchester Avenue
White Plains, New York 10604
(914) 323-7000
File No.: 22080.00999

TO:
Budin, Reisman, Kupferberg & Bernstein, LLP
Adam S. Bernstein, Esq.
112 Madison Avenue
New York, New York 10016
(212) 696-5500
Your File No.: #MM11469

Page 8 of 39

265562851v.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------- x
BADARA OUATTARA,

                                 Plaintiff,

      -against-

AMAZON.COM, INC. and AMAZON.COM SERVICES,
LLC,

                            Defendants.
-------------------------------------------------------------------- x

Index No.: 813543/2021E

**DEMAND FOR MEDICAL
RECORDS AND
AUTHORIZATIONS**

    **PLEASE TAKE NOTICE** that defendants, by their attorneys, WILSON, ELSER,

MOSKOWITZ, EDELMAN & DICKER LLP, hereby demand, pursuant to Article 31 of the CPLR

and the Uniform Rules of the Court, that each plaintiff provide to said attorneys at 1133 Westchester

Avenue, White Plains, New York 10604, within thirty (30) days from the date of service hereof, the

following:

    1.    The name(s) and address(es) of all physicians or other health-care providers of every

description who have consulted, examined or treated each plaintiff for each of the conditions

allegedly caused by, or exacerbated by, the occurrence described in the complaint, including the

date(s) of such consultation(s), examination(s) or treatment(s);

    2.    Duly executed and acknowledged written authorizations directed to
any hospital, clinic or health care facility, including, but not limited
to, Emergency Medical Service (EMS) or any ambulance service, in
which each injured plaintiff herein was or continues to be treated or
confined due to the occurrence set forth in the complaint so as to
permit the securing of a copy of the entire hospital record or records
including x-rays and technicians' reports;

    3.    Duly executed and acknowledged written authorizations to allow
defendant(s) to obtain the complete office medical records, relating

Page 9 of 39

265562851v.1

to each plaintiff, of each physician or health care provider identified in response to "1" above;

4.  Copies of all medical reports, records, narrative records and statements received from physicians or health care providers identified in response to "1" above. These shall include a detailed recital of the injuries and conditions as to which testimony will be offered at the trial of this action, referring to and identifying those x-rays and technicians' reports which will be offered at the trial of this action;

5.  Duly executed and acknowledged written authorizations to allow defendants to obtain complete pharmacy and/or surgical supply records with respect to any drugs, surgical supplies and/or prostheses prescribed for each plaintiff from one (1) year prior to the occurrence described in the complaint to the present date;

6.  Within the time period of the date of the occurrence to the present, true and accurate copies of all bills, invoices and statements for medical treatment of every description, or any bills, invoices and statements incidental to medical treatment of every description, including, but not limited to, bills, invoices and statements for drugs, medication or pharmaceuticals of every description, relating to the injuries (to each plaintiff) allegedly caused or exacerbated by the occurrence described in the complaint;

7.  If it is claimed that the occurrence alleged in the complaint exacerbated and/or aggravated any physical or mental condition of any plaintiff herein, set forth specifically each and every physical or mental condition it is claimed was exacerbated and/or aggravated and set forth the name(s) and address(es) of each and every physician or other health-care provider of every description who has consulted, examined and/or treated each plaintiff with relation to the physical or mental condition which was allegedly exacerbated and/or aggravated by the occurrence alleged in the complaint;

8.  Duly executed and acknowledged written authorizations directed to any hospital, clinic or health care facility, including, but not limited to, Emergency Medical Service (EMS) or any ambulance service, in which each injured plaintiff herein was treated, examined and/or confined prior to the date of the occurrence alleged in the complaint with relation to any physical or mental condition of each plaintiff that was allegedly exacerbated and/or aggravated by the occurrence alleged in the complaint;

265562851v.1

9.      Duly executed and acknowledged written authorizations to allow defendant(s) to obtain the complete office medical records, relating to each plaintiff, of each physician or health care provider identified in response to "7" above;

10.     Copies of all medical reports, records, narrative records and statements received from physicians or health care providers identified in response to "7" above.  These shall include a detailed recital of the injuries and conditions as to which testimony will be offered at the trial of this action, referring to and identifying those x-rays and technicians' reports which will be offered at the trial of this action;

11.     In the case of death, duly executed and acknowledged written authorizations to allow defendant(s) to obtain the complete Medical Examiner's records and reports, including the autopsy report, with respect to the decedent.]

PLEASE TAKE FURTHER NOTICE that upon your failure to comply with the above demands, defendants will move this court, at or before the trial of this action, to preclude each plaintiff from: offering any evidence of the conditions described in the reports or records demanded; offering in evidence any part of the hospital records, medical reports and records, x-ray reports or reports of other technicians not made available pursuant to applicable rules; and offering any testimony of any physicians whose medical reports have not been served pursuant to the above demands.

PLEASE TAKE FURTHER NOTICE that the above demand are continuing demands and all responsive information that subsequently is made known or becomes available shall be furnished to the undersigned in a timely fashion.

Dated: White Plains, New York
        January 25, 2022

Page 11 of 39

265562851v.1

Yours etc.,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____

John Hsu, Esq.
Attorneys for Defendants
AMAZON.COM, INC. and
AMAZON.COM SERVICES, LLC,
1133 Westchester Avenue
White Plains, New York 10604
(914) 323-7000
File No.: 22080.00999

TO:
Budin, Reisman, Kupferberg & Bernstein, LLP
Adam S. Bernstein, Esq.
112 Madison Avenue
New York, New York 10016
(212) 696-5500
Your File No.: #MM11469

265562851v.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------- x

BADARA OUATTARA,

                                  Plaintiff,

      -against-

AMAZON.COM, INC. and AMAZON.COM SERVICES,
LLC,

                                 Defendants.

-------------------------------------------------------------------- x

Index No.: 813543/2021E

**DEMAND FOR NAMES
AND ADDRESSES OF
ALL WITNESSES**

        PLEASE TAKE NOTICE that the defendants, by their attorneys, WILSON, ELSER,

MOSKOWITZ, EDELMAN & DICKER LLP, hereby demand, pursuant to CPLR Section 3101(a),

that each plaintiff provide to said attorneys at 1133 Westchester Avenue, White Plains, New York

10604, in writing and under oath, within thirty (30) days of the service of this demand, the name(s)

and address(es) of each person known and/or claimed by each plaintiff to be a witness to any of the

following:

        (a)      The occurrence alleged in the complaint;

        (b)      Any acts, omissions or conditions which allegedly caused the
                    occurrence alleged in the complaint;

        (c)      Any actual notice allegedly given to defendants or their agents,
                    servants or employees, of any condition(s) which allegedly caused
                    the occurrence alleged in the complaint;

        (d)      The nature and duration of any alleged condition which allegedly
                    caused the occurrence alleged in the complaint;

        (e)      Any repairs, at any time, made to the alleged location/condition
                    which allegedly caused the occurrence alleged in the complaint;

        (f)      The alleged injuries, losses, dificiencies, and/or damages.

Page 13 of 39

PLEASE TAKE FURTHER NOTICE that if no such witness(es) is/are known or claimed to/by the party/parties you represent, so state in a sworn reply to the above demands.

PLEASE TAKE FURTHER NOTICE that the undersigned will object upon trial of this action to the testimony of any witness(es) not identified in response to the above demands.

PLEASE TAKE FURTHER NOTICE that the above demands are continuing demands, and all responsive information that subsequently is made known or becomes available shall be furnished to the undersigned in a timely fashion.

Dated: White Plains, New York
      January 25, 2022

                    Yours etc.,
          WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

          By:    _____
                   John Hsu, Esq.
                   Attorneys for Defendants
                   AMAZON.COM, INC. and
                   AMAZON.COM SERVICES, LLC,
                   1133 Westchester Avenue
                   White Plains, New York 10604
                   (914) 323-7000
                   File No.: 22080.00999

TO:
Budin, Reisman, Kupferberg & Bernstein, LLP
Adam S. Bernstein, Esq.
112 Madison Avenue
New York, New York 10016
(212) 696-5500
Your File No.: #MM11469

265562851v.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------- x

BADARA OUATTARA,                                    Index No.: 813543/2021E

                       Plaintiff,

    -against-                                    **NOTICE TO PRODUCE**
                                                    **STATEMENT OF PARTY**
AMAZON.COM, INC. and AMAZON.COM SERVICES,           **PURSUANT TO CPLR**
LLC,                                                **§§ 3101(e) and 3120**

                    Defendants.
-------------------------------------------------------------------- x

PLEASE TAKE NOTICE that the defendants, by their attorneys, WILSON, ELSER,

MOSKOWITZ, EDELMAN & DICKER LLP, hereby demand, pursuant to CPLR Sections 3101(e)

and 3120, that the said attorneys be provided at 1133 Westchester Avenue, White Plains, New York

10604, with true and accurate copies of all statements, signed or unsigned, recorded on tape

electronically or otherwise, made by plaintiff, or their agents, servants and/or employees, taken by,

or on behalf of, or in the possession of, any of the other parties to this action or their respective

attorneys.

PLEASE TAKE FURTHER NOTICE that if there are no such statements, please so state in

a sworn reply to this demand.

PLEASE TAKE FURTHER NOTICE that default in complying with this demand within

thirty (30) days of the date of service hereof will serve as a basis for objection by the undersigned

attorneys to the use of any such statement upon the trial of this action.

PLEASE TAKE FURTHER NOTICE that the above demands are continuing demands and

all responsive information that is made known or becomes available after service of the above

demands shall be furnished to the undersigned in a timely fashion.

265562851v.1

Dated: White Plains, New York
          January 25, 2022

                                   Yours etc.,
          WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP


                          By:    _____
                                 John Hsu, Esq.
                                 Attorneys for Defendants
                                 AMAZON.COM, INC. and
                                 AMAZON.COM SERVICES, LLC,
                                 1133 Westchester Avenue
                                 White Plains, New York 10604
                                 (914) 323-7000
                                 File No.: 22080.00999

TO:
Budin, Reisman, Kupferberg & Bernstein, LLP
Adam S. Bernstein, Esq.
112 Madison Avenue
New York, New York 10016
(212) 696-5500
Your File No.: #MM11469

265562851v.1

Case 7:22-cv-01753-VB Document 1 Filed 03/02/22 Page 46 of 102

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------- x
BADARA OUATTARA,

                                    Index No.: 813543/2021E

                Plaintiff,

    -against-

                                    **NOTICE FOR DISCOVERY**
AMAZON.COM, INC. and AMAZON.COM SERVICES,            **AND INSPECTION**
LLC,

                Defendants.
------------------------------------------------------------------- x

      PLEASE TAKE NOTICE that the defendants, by their attorneys, WILSON, ELSER,

MOSKOWITZ, EDELMAN & DICKER LLP, hereby demand, pursuant to Article 31 of the CPLR

and pertinent case law, that each plaintiff provide to said attorneys at 1133 Westchester Avenue,

Whie Plains, New York 10604 within thirty (30) days of the date of this Notice, the following:

      l.     True and accurate copies of any reports or other writings prepared by or made to the
police or any other governmental officers or agencies in connection with the occurrence alleged in
the complaint;

      2.     All photographs of the scene of the incident/occurrence alleged in the complaint, as
said scene existed at the time of the incident/occurrence alleged in the complaint;

      3.     All photographs of the plaintiff, depicting the injuries allegedly sustained as a result
of the occurrence alleged in the complaint;

      4.     If this action involves a loss of service or service claim, a true and accurate copy of
the following:

          (a)     With regard to any spouse who is a party to his action, the marriage
certificate and any divorce or separation decree(s); and,

          (b)     With regard to any infant that is involved in this action, the infant's birth
certificate;

      5.     Copies of all claims and pleadings served upon any other person or entity, including
the parties to this action, in any other action or proceeding commenced by the plaintiff and arising
out of the same facts or occurrence in which the injuries or damages as alleged herein are in issue.

265562851v.1

PLEASE TAKE FURTHER NOTICE that this Notice is a continuing demand and all responsive information that subsequently is made known or becomes available shall be furnished to the undersigned in a timely fashion.

PLEASE TAKE FURTHER NOTICE that failure to comply with this Notice will serve as a basis for a motion, at the time of trial or prior thereto, for the appropriate relief pursuant to the CPLR.

Dated: White Plains, New York
January 25, 2022

Yours etc.,
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
John Hsu, Esq.
Attorneys for Defendants
AMAZON.COM, INC. and
AMAZON.COM SERVICES, LLC,
1133 Westchester Avenue
White Plains, New York 10604
(914) 323-7000
File No.: 22080.00999

TO:
Budin, Reisman, Kupferberg & Bernstein, LLP
Adam S. Bernstein, Esq.
112 Madison Avenue
New York, New York 10016
(212) 696-5500
Your File No.: #MM11469

265562851v.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------- x

BADARA OUATTARA,                                        Index No.: 813543/2021E

                          Plaintiff,

    -against-                                          **NOTICE FOR
                                                       PRESERVATION OF
AMAZON.COM, INC. and AMAZON.COM SERVICES,               SOCIAL MEDIA and
LLC,                                                   REQUEST FOR
                                                       DOCUMENTS/DOWNLOAD**
                          Defendants.

-------------------------------------------------------------------- x

      PLEASE TAKE NOTICE that the defendants, by their attorneys, WILSON, ELSER,

MOSKOWITZ, EDELMAN & DICKER LLP, hereby demand, pursuant to Article 31 of the CPLR

and pertinent case law, that each plaintiff provide to said attorneys at 1133 Westchester Avenue,

Whie Plains, New York 10604 within thirty (30) days of the date of this Notice, the following:

    1.    An affidavit from plaintiff concerning his/her/their social media activity which

must include the following information: a) the name of each and every platform where he/she

maintains, controls, or has registered an account; b) his/her/their first and last name on each

account; c) the account username; and, d) the corresponding URL. This includes but is not

limited to information from his/her/their accounts on Facebook, Instagram, and LinkedIn.

    2.    A true and accurate copy of the entire downloaded contents of plaintiff's social

media accounts encompassing all of plaintiff's activity on each such platform including but not

limited to messages, likes, postings, tags, links, videos, photos and notes.

    3.    Any and all social media photos, videos and/or posts pertaining to the subject

accident itself, any prior injuries or traumatic events, plaintiff's alleged injuries resulting from

the subject accident, or his/her /their medical treatment thereafter.

265562851v.1

4.      Any and all social media photos, videos and/or posts bearing on plaintiff's post-accident condition and recovery, including but not limited those materials showing his/her/their ability to perform physical activities and/or socialize with friends.

**PLEASE TAKE FURTHER NOTICE** that the forgoing constitutes a demand for the preservation of all content from the applicable Internet, web, or mobile based employment related and/or social networking platforms. Plaintiff must discontinue any alteration, modification, or deletion of the corresponding information and materials, and must also refrain from causing a third-party (family, friends, etc.) to perform any such activity.

**PLEASE TAKE FURTHER NOTICE** that, in the event that such materials are destroyed, altered and/or otherwise made unavailable, defendant reserves the right to move for any and all available relief based on the spoliation of evidence in this matter.

**PLEASE TAKE FURTHER NOTICE** that this demand shall be deemed to continue during the pendency of this litigation. Furthermore, in the event of plaintiffs' failure to timely comply with this demand, a motion will be made either to dismiss this action and/or to preclude the plaintiffs at trial from testifying to or offering any evidence pertaining to the information and materials demanded herein.

Dated: White Plains, New York
        January 25, 2022

Page 20 of 39

Yours etc.,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:    _____

John Hsu, Esq.
Attorneys for Defendants
AMAZON.COM, INC. and
AMAZON.COM SERVICES, LLC,
1133 Westchester Avenue
White Plains, New York 10604
(914) 323-7000
File No.: 22080.00999

TO:
Budin, Reisman, Kupferberg & Bernstein, LLP
Adam S. Bernstein, Esq.
112 Madison Avenue
New York, New York 10016
(212) 696-5500
Your File No.: #MM11469

265562851v.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------------- x
BADARA OUATTARA,

                                           Index No.: 813543/2021E

                          Plaintiff,

       -against-

AMAZON.COM, INC. and AMAZON.COM SERVICES,
LLC,

                          Defendants.
--------------------------------------------------------------------- x

                      **DEMAND FOR
ACCIDENT REPORTS**

      PLEASE TAKE NOTICE that the defendants, by their attorneys, WILSON, ELSER,

MOSKOWITZ, EDELMAN & DICKER LLP, hereby demand, pursuant to CPLR

Sections 3101(g), that each plaintiff provide to said attorneys at 1133 Westchester Avenue, White

Plains, New York 10604, within thirty (30) days after the date of service hereof, the following:

      (A)     True and accurate copies of any written report(s) of the occurrence alleged in

              the complaint.

      PLEASE TAKE FURTHER NOTICE that failure to comply with the foregoing demand

will serve as the basis for a motion for the appropriate relief pursuant to the CPLR.

Dated: White Plains, New York
       January 25, 2022

                       Yours etc.,
          WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

             By:     _____
                  John Hsu, Esq.
                  Attorneys for Defendants
                  AMAZON.COM, INC. and
                  AMAZON.COM SERVICES, LLC,
                  1133 Westchester Avenue
                  White Plains, New York 10604
                  (914) 323-7000
                  File No.: 22080.00999

                Page 22 of 39

265562851v.1

TO:
Budin, Reisman, Kupferberg & Bernstein, LLP
Adam S. Bernstein, Esq.
112 Madison Avenue
New York, New York 10016
(212) 696-5500
Your File No.: #MM11469

265562851v.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------ x

BADARA OUATTARA,                                    Index No.: 813543/2021E

                            Plaintiff,

   -against-                                              **DEMAND FOR INCOME
                                                    INFORMATION AND
AMAZON.COM, INC. and AMAZON.COM SERVICES,           AUTHORIZATIONS OF
LLC,                                                IRS RECORDS**

                            Defendants.
------------------------------------------------------------------ x

PLEASE TAKE NOTICE that the defendants, by their attorneys, WILSON, ELSER,

MOSKOWITZ, EDELMAN & DICKER LLP, hereby demand, pursuant to CPLR Sections 3120,

that each plaintiff provide to said attorneys at 1133 Westchester Avenue, White Plains, New York

10604, within thirty (30) days after the date of service hereof, the following:

1.     True and accurate copies of documentation reflecting income earned by plaintiff for
three (3) years prior, the year of and one (1) year subsequent to the occurrence
alleged in the complaint, including, but not limited to, W-2 Forms, 1099 Forms, and
any other indicia of income earned;

2.     True and accurate copies of Federal, State and City Income tax returns for plaintiff
for three (3) years prior, the year of and one (1) year subsequent to the occurrence
alleged in the complaint;

3.     Duly executed and acknowledged written authorizations required to permit
defendants to obtain Internal Revenue Service records, documents and returns
relative to plaintiff for the years specified on the authorization form to be provided to
plaintiff by defendants.

PLEASE TAKE FURTHER NOTICE that your failure to comply with the foregoing

demand will serve as the basis of a motion  seeking, in whole or in part, an order precluding each

plaintiff's from introducing into evidence and for otherwise using the above demanded items for

any purpose whatsoever upon the trial of this action.

Page 24 of 39

265562851v.1

Case 7:22-cv-01753-VB Document 1 Filed 03/02/22 Page 54 of 102

Dated: White Plains, New York
       January 25, 2022

                                   Yours etc.,
           WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP


                          By:    _____
                                 John Hsu, Esq.
                                 Attorneys for Defendants
                                 AMAZON.COM, INC. and
                                 AMAZON.COM SERVICES, LLC,
                                 1133 Westchester Avenue
                                 White Plains, New York 10604
                                 (914) 323-7000
                                 File No.: 22080.00999

TO:
Budin, Reisman, Kupferberg & Bernstein, LLP
Adam S. Bernstein, Esq.
112 Madison Avenue
New York, New York 10016
(212) 696-5500
Your File No.: #MM11469

                          Page 25 of 39

265562851v.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------------- x

BADARA OUATTARA,                                          Index No.: 813543/2021E

                                    Plaintiff,

    -against-                                          **DEMAND FOR WORKERS'**
                                                         **COMPENSATION,**
AMAZON.COM, INC. and AMAZON.COM SERVICES,                 **NO-FAULT AND/OR**
LLC,                                                     **DISABILITY**
                                                         **CLAIM RECORDS**
                                    Defendants.

---------------------------------------------------------------------- x

        PLEASE TAKE NOTICE that the defendants, by their attorneys, WILSON, ELSER,

MOSKOWITZ, EDELMAN & DICKER LLP, hereby demand, pursuant to CPLR Sections 3101

and 3120, that each plaintiff provide to said attorneys at 1133 Westchester Avenue, White Plains,

New York 10604, within thirty (30) days after the date of service hereof, the following:

    1.    Duly executed and acknowledged written authorizations required to permit
        defendants to obtain plaintiff's Workers' Compensation, No-Fault and/or Disability
        records which pertain to the occurrence alleged in the complaint and the injuries,
        damages and/or losses alleged in the complaint.

    2.    With respect to any insurance company which provides or will provide to plaintiff
        benefits for any disability relative to the occurrence alleged in the complaint, duly
        executed and acknowledged written authorizations required to permit defendants to
        obtain the file, relative to plaintiff with regard to said benefits, maintained by said
        insurance companies. This demand includes, without limitation, reference to those
        benefits provided under Medicare, Medicaid or similar programs. Said
        authorizations should include, without limitation, the pertinent file/claim number
        maintained by said insurance companies.

        PLEASE TAKE FURTHER NOTICE that your failure to comply with the above demands

will serve as the basis of a motion seeking, in whole or in part, an order precluding plaintiffs upon

Page 26 of 39

265562851v.1

the trial of this action from offering evidence as to any benefits applied for by plaintiff(s) or

received by plaintiffs, whether such evidence consists of written or of oral treatment.

Dated: White Plains, New York
      January 25, 2022

                    Yours etc.,
       WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

           By:         _____
                John Hsu, Esq.
                Attorneys for Defendants
                AMAZON.COM, INC. and
                AMAZON.COM SERVICES, LLC,
                1133 Westchester Avenue
                White Plains, New York 10604
                (914) 323-7000
                File No.: 22080.00999

TO:
Budin, Reisman, Kupferberg & Bernstein, LLP
Adam S. Bernstein, Esq.
112 Madison Avenue
New York, New York 10016
(212) 696-5500
Your File No.: #MM11469

265562851v.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------------- x
BADARA OUATTARA,

                                       Plaintiff,

          -against-

AMAZON.COM, INC. and AMAZON.COM SERVICES,
LLC,

                                    Defendants.
---------------------------------------------------------------------- x

**Index No.: 813543/2021E**

**DEMAND FOR
EMPLOYMENT RECORDS
AUTHORIZATIONS**

PLEASE TAKE NOTICE that the defendants, by their attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, hereby demand, pursuant to CPLR Sections 3101 and 3120, that each plaintiff provide to said attorneys at 1133 Westchester Avenue, White Plains, New York 10604, within thirty (30) days after the date of service hereof, the following:

     l.     Duly executed and acknowledged written authorizations required to permit defendants to obtain and make copies of all employment records of plaintiff for three (3) years prior to the occurrence alleged in the complaint, the year of the occurrence alleged in the complaint and up to the present date.

PLEASE TAKE FURTHER NOTICE that your failure to comply with the demand will serve as the basis of a motion seeking an order, in whole or in part, precluding plaintiffs in the trial of this action from offering evidence as to lost wages and/or income as a result of the occurrence alleged in the complaint.

Dated: White Plains, New York
        January 25, 2022

Page 28 of 39

265562851v.1

Yours etc.,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____

John Hsu, Esq.
Attorneys for Defendants
AMAZON.COM, INC. and
AMAZON.COM SERVICES, LLC,
1133 Westchester Avenue
White Plains, New York 10604
(914) 323-7000
File No.: 22080.00999

TO:

Budin, Reisman, Kupferberg & Bernstein, LLP
Adam S. Bernstein, Esq.
112 Madison Avenue
New York, New York 10016
(212) 696-5500
Your File No.: #MM11469

Page 29 of 39

265562851v.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---------------------------------------------------------------------- x

BADARA OUATTARA,

                                Plaintiff,

      -against-

AMAZON.COM, INC. and AMAZON.COM SERVICES,
LLC,

                              Defendants.

---------------------------------------------------------------------- x

**Index No.: 813543/2021E**

**DEMAND PURSUANT
TO CPLR SECTIONS
3101, 3120 and 4545**

PLEASE TAKE NOTICE that the defendants, by their attorneys, WILSON, ELSER,

MOSKOWITZ, EDELMAN & DICKER LLP, hereby demand, pursuant to CPLR

Sections 3101, 3120 and 4545, that each plaintiff provide to said attorneys at 1133 Westchester

Avenue, White Plains, New York 10604, within thirty (30) days after the date of service hereof,

the following:

1. A verified statement as to whether all or any part of the past or future cost or expense of
   medical care, dental care, custodial care, rehabilitation services, loss of earnings, or
   other economic loss sought to be recovered in this action was or will, with reasonable
   certainty be replaced or indemnified, in whole or in part, from any collateral source such
   as, but not limited to, insurance (except life insurance), social security (except those
   benefits provided under Title XVIII of the social security act), workers' compensation,
   or employee benefit programs (except such collateral sources entitled by law to liens
   against any recovery of the plaintiff), and, if so, the full name and address of each
   organization or program providing such replacement or indemnification, together with
   an itemized statement of the amount in which each such claimed item of economic loss
   was or will, with reasonable certainty, be replaced or indemnified by each such
   organization or program.

2. Duly executed and acknowledged written authorizations required to permit defendants to
   obtain all records reflecting any collateral source(s) or payment(s), past or future,
   identified in response to the foregoing demand.

PLEASE TAKE FURTHER NOTICE that your failure to comply with the demand will

serve as the basis for a motion for the appropriate relief pursuant to the CPLR.

Page 30 of 39

265562851v.1

Dated: White Plains, New York
      January 25, 2022

                          Yours etc.,
        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

            By:   _____
                John Hsu, Esq.
                Attorneys for Defendants
                AMAZON.COM, INC. and
                AMAZON.COM SERVICES, LLC,
                1133 Westchester Avenue
                White Plains, New York 10604
                (914) 323-7000
                File No.: 22080.00999

TO:
Budin, Reisman, Kupferberg & Bernstein, LLP
Adam S. Bernstein, Esq.
112 Madison Avenue
New York, New York 10016
(212) 696-5500
Your File No.: #MM11469

265562851v.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------- x
BADARA OUATTARA,

                                                            Index No.: 813543/2021E
                              Plaintiff,

     -against-

AMAZON.COM, INC. and AMAZON.COM SERVICES,
LLC,

                              Defendants.

**DEMAND FOR
PRODUCTION OF
DOCUMENTS WHICH WILL
BE USED TO ESTABLISH
ECONOMIC LOSS, ETC.**

------------------------------------------------------------------- x

PLEASE TAKE NOTICE, that pursuant to CPLR § 3120 each plaintiff is required to serve upon the undersigned, within twenty (20) days of the service of this Demand, the following:

1.  A copy of all documents that will be introduced at trial to establish economic loss including, but not limited to, bills, receipts and cancelled checks, etc., reflecting special damages.

PLEASE TAKE FURTHER NOTICE that this Demand shall be deemed to continue during the pendency of this action if any of the above requested information or documents are subsequently obtained.  Furthermore, if plaintiffs fail to timely comply with this Demand, a motion will be made either to dismiss this action and/or to preclude plaintiffs from offering at the trial of this action any evidence pertaining to or contained in the items demanded herein.

Dated: White Plains, New York
      January 25, 2022

265562851v.1

Yours etc.,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____

John Hsu, Esq.
Attorneys for Defendants
AMAZON.COM, INC. and
AMAZON.COM SERVICES, LLC,
1133 Westchester Avenue
White Plains, New York 10604
(914) 323-7000
File No.: 22080.00999

TO:
Budin, Reisman, Kupferberg & Bernstein, LLP
Adam S. Bernstein, Esq.
112 Madison Avenue
New York, New York 10016
(212) 696-5500
Your File No.: #MM11469

Page 33 of 39

265562851v.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------------- x

BADARA OUATTARA,

Index No.: 813543/2021E

Plaintiff,

-against-

AMAZON.COM, INC. and AMAZON.COM SERVICES,
LLC,

**REQUEST FOR
SUPPLEMENTAL DEMAND
PURSUANT TO CPLR 3017(c)**

Defendants.

------------------------------------------------------------------- x

Pursuant to CPLR 3017(c), defendants AMAZON.COM, INC. and AMAZON.COM

SERVICES, LLC, request that within fifteen (15) days of the date of this demand, each plaintiff

serve a supplemental demand for relief setting forth the total damages to which he/she/they deem

himself/herself/themselves entitled.

Dated: White Plains, New York
January 25, 2022

Yours etc.,
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
John Hsu, Esq.
Attorneys for Defendants
AMAZON.COM, INC. and
AMAZON.COM SERVICES, LLC,
1133 Westchester Avenue
White Plains, New York 10604
(914) 323-7000
File No.: 22080.00999

TO:
Budin, Reisman, Kupferberg & Bernstein, LLP
Adam S. Bernstein, Esq.
112 Madison Avenue
New York, New York 10016
(212) 696-5500
Your File No.: #MM11469

Page 34 of 39

265562851v.1

Case 7:22-cv-01753-VB Document 1 Filed 03/02/22 Page 64 of 102

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------- x
BADARA OUATTARA,

        Index No.: 813543/2021E

                        Plaintiff,

    -against-

**DEMAND PURSUANT
TO THE MEDICARE,
MEDICAID AND SCHIP
EXTENSION ACT**

AMAZON.COM, INC. and AMAZON.COM SERVICES,
LLC,

                      Defendants.

-------------------------------------------------------------------- x

PLEASE TAKE NOTICE that pursuant to CPLR §3120(a) and the requirements of Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 (42 U.S.C. §§1395(y)(b)(7) and (b)(8)), the undersigned requests that each plaintiff provide the following information within twenty (20) days:

1.     State the date of birth of the plaintiff.

2.     State the Social Security number of the plaintiff.

3.     Is the plaintiff now or has he ever been Medicare and/or Medicaid eligible as defined under Federal legislation?

4.     If the plaintiff is or has ever been Medicare and/or Medicaid eligible, state the date he achieved this status.

5.     Has the plaintiff now or ever been a Medicare and/or Medicaid beneficiary?

        a.  If yes, state the date the Medicare and/or Medicaid benefits commenced.

6.     Has the plaintiff ever applied to the Social Security Administration seeking disability benefits?

        a.  If yes, state the name of the date such application was first filed.

Page 35 of 39

265562851v.1

7.    Has the Social Security Administration determined the plaintiff to be entitled to disability benefits?

      a.  If yes, provide the date said determination was made and provide written documentation accordingly.

8.    Has the Social Security Administration determined that the plaintiff is not entitled to benefits?

      a.  If yes, provide the date said determination was made and provide written documentation accordingly.

9.    State the plaintiff's Medicare Health Insurance Claim Numbers (HICNs), Medicaid file number, New York State Department of Social Services (DSS) file number, and/or Medicare Secondary Payor (MSP) file number, if applicable.

10.    If the plaintiff has applied for or been awarded Medicare and/or Medicaid and/or DSS and/or MSP benefits, provide all information/documentation related to the application and/or award of said benefits.

11.    If the plaintiff has applied for or been awarded Supplemental Security Income (SSI) or Social Security Disability Insurance (SSDI), provide all information/documentation related to the application and/or award of said benefits.

12.    If the plaintiff has been diagnosed with or treated for end-stage renal failure:

      (a)    Copies of all written reports and medical records of all attending physicians and healthcare providers related to said treatment; and

      (b)    Duly executed unrestricted authorizations enabling the defendants' attorneys and defendants' representatives, to inspect, examine and copy the medical reports, x-rays, films and/or diagnostic studies, notes and reports of all attending and/or examining physicians and health care providers relating to the diagnosis, etiology, treatment and prognosis of the injured plaintiff, diagnosis with or treatment for end-stage renal failure. Said defendant further demand that a copy of the attached authorization

Page 36 of 39

for use and disclosure of health information and/or a specific authorization required by each provider be executed and provided to the undersigned for use in conjunction with this demand.

13.    If the plaintiff has been denied Medicare, Medicaid, SSI, and/or SSDI benefits, provide all information/documentation concerning any such denial.

14.    If the plaintiff has appealed or intends to appeal the denial of Medicare, Medicaid, SSI, and/or SSDI benefits, provide all information/documentation of any such appeal or intent to appeal of the denial of such benefits.

15.    State whether Medicare, Medicaid and/or the Social Security Administration has a lien on any potential award, judgment or settlement in this lawsuit and, if so, state the amount of such liens and provide all information/documentation relative to these liens.

16.    Pursuant to CPLR §3101(a), provide executed and acknowledged written authorizations permitting defendant's attorneys and defendant's representatives to obtain and make copies of all Medicare records, Parts A and B, specifying the correct address of said Medicare office, along with the plaintiff's Social Security Number and file number. Said defendant(s) further demand that a signed original of the attached Authorization of Use and Disclosure of Health Information and/or a specific authorization required by Medicare be executed and provided to the undersigned for use in conjunction with this demand.

17.    Pursuant to CPLR §3101(a), provide duly executed and acknowledged written authorizations permitting defendants' attorneys and defendants' representatives to obtain and make copies of all Medicaid records, specifying the correct address of said Medicaid office, along with the plaintiff's Social Security number and the file number. Said defendant(s) further demand that a signed original of the attached Authorization for Release of Medicaid Protected

Page 37 of 39

Information, and/or any other specific authorization required by Medicaid be executed and provided for use in conjunction with this demand as it pertains to health information.

18.    If the plaintiff received or applied for Social Security benefits, including but not limited to SSI or SSDI benefits, provide a duly executed and acknowledged written authorization setting forth the correct Social Security file number, allowing the defendants' attorneys and defendants' representatives to obtain and make copies of all files, records, and reports of the Social Security Administration regarding the plaintiff. Said defendant(s) further demand that a signed original of the attached Social Security Administration Consent for Release of Information and/or any other specific authorization required by the Social Security Administration be executed and provided for use in conjunction with this demand as it pertains to health information.

19.    Please provide a duly executed Consent to Release to Centers for Medicare & Medicaid Services (CMS). (See the attached copies of authorizations).

PLEASE TAKE FURTHER NOTICE, that the provisions of CPLR §3122 govern this demand and if the party to whom the notice is directed objects to the disclosure, inspection or examination or withholds any documents which appear to be within the category of the documents required by the notice, compliance with CPLR §3122 is required.

PLEASE TAKE FURTHER NOTICE, that in the event of failure or refusal to comply with any of these demands, said defendants will apply to the Court for the appropriate relief including, but not limited to, an Order compelling compliance pursuant to CPLR §3124 and/or appropriate relief pursuant to CPLR §3126 and 22 N.Y.C.R.R. Part 130.

Page 38 of 39

265562851v.1

PLEASE TAKE FURTHER NOTICE, that all demands herein shall be deemed to continue during the pendency of this action through and including the trial thereof and plaintiff's responses must be amended or supplemented properly in compliance with CPLR §3101(h).

Dated: White Plains, New York
        January 25, 2022

                                    Yours etc.,
                    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP


                    By:     _____
                            John Hsu, Esq.
                            Attorneys for Defendants
                            AMAZON.COM, INC. and
                            AMAZON.COM SERVICES, LLC,
                            1133 Westchester Avenue
                            White Plains, New York 10604
                            (914) 323-7000
                            File No.: 22080.00999

TO:
Budin, Reisman, Kupferberg & Bernstein, LLP
Adam S. Bernstein, Esq.
112 Madison Avenue
New York, New York 10016
(212) 696-5500
Your File No.: #MM11469


                        Page 39 of 39

265562851v.1

# EXHIBIT "C"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
BADARA OUATTARA,

                           Plaintiff(s),

    -against-

AMAZON.COM INC. and AMAZON.COM SERVICES
INC.
                         Defendant(s).
-------------------------------------------------------------------X

**VERIFIED BILL
OF PARTICULARS**

Index No.: 813543/2021E

       Plaintiff, by his attorneys, BUDIN, REISMAN, KUPFERBERG & BERNSTEIN, LLP,

responding to the demands of defendants AMAZON.COM INC. and AMAZON.COM SERVICES

INC. for a Verified Bill of Particulars, allege(s) upon information and belief, as follows:

      1.     Plaintiff BADARA OUATTARA was born on February 23, 1979. He is currently

43 years old. Plaintiff objects to providing his place of birth as it will not lead to discoverable

information.

      2.     Plaintiff BADARA OUATTARA does not possess a middle name.

      3. and 4.     He presently resides at 845 Longfellow Avenue, Apartment 4B, Bronx, New

York 10474 and so resided at the time of the occurrence.

      5. and 6.     The accident herein occurred on December 7, 2019, a Saturday, at

approximately 6:43 P.M.

      7.     The accident herein occurred on the Cross Bronx Expressway at and/or near the

Jerome Avenue exit, in the County of Bronx and State of New York.

      8. through 10.     At the time of the occurrence, both the plaintiff and defendant's

motor vehicle were traveling in a northerly direction when the plaintiff's motor vehicle was caused

to be rear ended by the defendant's motor vehicle.  Plaintiff is not claiming that there were any

traffic controls in effect at the time of the occurrence.

11.    Other than the natural parties listed on the police report, plaintiff is unaware of the identity of any witnesses to the accident herein.

12.    That the said accident and the injuries and damages to the plaintiff resulting therefrom were caused solely and wholly by reason of the negligence, carelessness and recklessness of the defendants in the ownership, operation and control of their motor vehicle, in that they failed to have and keep the same under reasonable and proper control; in that caused, allowed and permitted motor vehicle to run into and violently collide with the rear of plaintiffs motor vehicle; in that they failed to bring their motor vehicle under control in time to avoid the collision; in that they failed to have their attention before them; in that they failed to look; in that they failed to see; in that they operated and controlled their motor vehicle at a fast and excessive rate of speed under the circumstances and conditions then and there prevailing; in that they failed to provide and./or make prompt and timely use of adequate and efficient brakes and steering mechanisms; in failing to apply the brakes of their motor vehicle or to take other proper and appropriate evasive action in time to avoid running into and violently colliding with the plaintiffs motor vehicle; in operating the aforesaid motor vehicle in an unreasonable and imprudent manner; in that they operated and controlled their motor vehicle in reckless disregard for the safety of others, and the plaintiff in particular; in that they violated the statutes, ordinances, rules and regulations in the cases made and provided; in that they were inattentive to their duties wherein had they been attentive to their duties the accident and ensuing injuries could have and would have been avoided; in that they failed to act as a reasonable and prudent person could have and would have under the circumstances and conditions then and there prevailing; in that they controlled the means, the methods and the performance of their deliveries with strict standards that negatively impacted the safety of those

utilizing the roads; in that they operated and controlled their motor vehicle in such a willful, wanton and grossly culpable manner as to be liable for damages and punitive damages; in that they acted in reckless disregard for the safety of others, and the plaintiff in particular; and in that they failed to take all necessary and proper means and precautions to avoid the said accident.

13.  Plaintiff BADARA OUATTARA sustained the following injuries:

1)  Tear of the posterior horn of the medial meniscus of the right knee;

2)  Tear of the lateral meniscus of the right knee;

3)  Strain of the medial collateral ligament of the right knee;

4)  Insertional sprain of the tibial band at the tibial attachment site of the right knee;

5)  Fibular collateral ligament sprain at the femoral attachment site of the right knee;

7)  Chondromalacia of the medial patellar facet of the right knee;

8)  Distal quadriceps and distal patellar tendinosis/tendinopathy of the right knee;

9)  Edema of the right knee;

10) Synovitis of the right knee;

11) Tenderness upon palpation of the right knee;

12) Strain, sprain and decreased range of motion of the right knee;

13) Tear of the medial meniscus of the left knee;

14) Tear of the lateral meniscus of the left knee;

15) Edema of the left knee;

16) Synovitis of the left knee;

17) Sprain of the posterior cruciate ligament of the left knee with pericruciate edema;

18)     Tenderness upon palpation of the left knee;

19)     Strain, sprain and decreased range of motion of the left knee;

20)     Left posterolateral herniation of the C3-4 level with disc bulge, anterior thecal sac impingement and right lateral recess impingement;

21)     Left paracentral herniation with anterior thecal sac impingement of the C5-6 level;

22)     C4-5 disc bulge with anterior thecal sac impingement;

23)     C6-7 disc bulge with anterior thecal sac impingement;

24)     Left C6 radiculopathy;

25)     Neck pain with headaches and radiation into the left shoulder blade;

26)     Cervical myofascial derangement;

27)     Cervicalgia;

28)     Tenderness upon palpation of the cervical spine;

29)     Strain, sprain and decreased range of motion of the cervical spine;

30)     Right posterolateral herniation of the L3-4 level with disc bulge and anterior thecal sac impingement and bilateral foraminal impingement more prominent on the right than the left;

31)     L2-3 disc bulge with anterior thecal sac impingement;

32)     L4-5 disc bulge with significant bilateral foraminal impingement;

33)     L5-S1 disc bulge with anterior thecal sac impingement and bilateral foraminal impingement;

34)     Lumbosacral myofascial derangement;

35)     Straightening of the lumbar lordosis indicative of muscle spasms;

36)     Low back pain with radiation down the bilateral lower extremities with paresthesias;

37)   Tenderness upon palpation of the lumbar spine;

34)   Strain, sprain and decreased range of motion of the lumbar spine;

35)   T1-2 central herniation with anterior thecal sac impingement;

36)   Tenderness upon palpation of the thoracic spine;

37)   Strain, sprain and decreased range of motion of the thoracic spine;

38)   Headaches;

39)   Cerebral concussion;

40)   Post-concussion syndrome;

41)   Post-traumatic cephalgia;

42)   Traumatic vertigo; and

43)   Permanent scarring at the operative sites.

All of the aforesaid injuries extended to the surrounding nerves, tendons, tissues, ligaments, musculature and bony structure, including but not limited to the periosteum, cortex and blood circulatory system.

That by reason of the injuries to the right knee, with the rupture and tearing of the ligaments and musculature constituting the supportive structures of the knee, plaintiff suffered and continues to suffer from pain, tenderness, restriction and limitation of motion of the knee and leg, difficulty in weight-bearing, wobbliness and locking of the knee.

Due to the persistence of pain and symptomatology of the aforesaid injury, on March 17, 2020 plaintiff was caused to undergo the following surgical procedures, under general anesthesia:

1)   Right knee arthroscopy;

2)   Arthroscopic partial medial meniscectomy;

3)   Partial lateral meniscectomy;

4)       Abrasion chondroplasty of the medial femoral condyle trochlea and;

5)       Three- compartment synovectomy.

That by reason of the surgical procedure as hereinbefore set forth, plaintiff has been left with a permanent cosmetic defect and deformity in the form of scarring at the operative site and suffered and continues to suffer from pain, tenderness and soreness at and about the said site.

That by reason of the injuries to the left knee, with the rupture and tearing of the ligaments and musculature constituting the supportive structures of the knee, plaintiff suffered and continues to suffer from pain, tenderness, restriction and limitation of motion of the knee and leg, difficulty in weight-bearing, wobbliness and locking of the knee.

Following an extended course of conservative treatment and due to the persistence of pain and symptomatology of the aforesaid injury, on **October 1, 2020, plaintiff underwent a left sided popliteal nerve block injection with ultrasound guidance.**

Due to the persistence of pain and symptomatology of the aforesaid injury, on October 1, 2020 plaintiff was caused to undergo the following surgical procedures, under local anesthesia:

1)       Left knee arthroscopy;

2)       Arthroscopic partial medial lateral meniscectomy;

3)       Partial lateral meniscectomy;

4)       Three-compartment synovectomy; and

5)       Abrasion chondroplasty of the trochela.

That by reason of the surgical procedure as hereinbefore set forth, plaintiff has been left with a permanent cosmetic defect and deformity in the form of scarring at the operative site and suffered and continues to suffer from pain, tenderness and soreness at and about the said site.

That by reason of the herniation of levels C3-4 and C5-6, and the concomitant injuries to

the cervical spine, and the entrapment of the cervical nerve roots in the scar tissue formed, plaintiff suffered and continues to suffer from pain, spasm, restriction and limitation of motion of the head and neck, with pain radiating bilaterally into the shoulders, arms and hands, a numbness and tingling sensation along the inner aspect of the forearms and fingers, with general weakness of the extremities and loss of grasping power.

Due to the persistence of pain and symptomology of the aforesaid injury to plaintiff's cervical spine, he was caused to undergo and receive a cervical epidural steroid injection with fluoroscopic guidance of the C7-T1 interlaminar space on September 8, 2020. Additionally, on September 3, 2021, plaintiff underwent and received trigger point injection to the cervical paraspinal and trapezius muscles to help alleviate the pain and symptomatology of the aforesaid injury.

That as a result of the herniation of the L3-4 level, with concomitant injuries to the lumbosacral spine, plaintiff was caused and continues to suffer from pain, restriction and limitation of motion of the back and trunk, pain radiating bilaterally into the buttocks and thighs, difficulty in bending, stooping, standing and stair climbing, with increased intensification of pain on coughing, sneezing exertion and/or fatigue.

Following an extended course of conservative treatment and due to the persistence of pain and symptomatology of the aforesaid injury, on **July 28, 2020 plaintiff underwent a lumbosacral epidural steroid injection of the L5-S1 interlaminar space with fluoroscopic guidance.**

The plaintiff was caused to and still does suffer from persistent headaches of extreme intensity, nervousness, apprehension, auditory disturbances, irritability, anxiety and difficulty in sleeping and concentration.

Plaintiff has been advised and verily believes that the aforesaid injuries are of a chronic

and protracted nature, which has resulted in permanent residuals and/or sequelae; and that his prognosis is guarded.

Plaintiff will prove upon the trial hereof the manifestations of the injuries sustained as well as the medical aid and attention sought and received in an effort to cure and alleviate the symptomatology complained of the tearing, impairment and loss of function, and the resultant diminution of his economic and social capacity.

Plaintiff reserves the right to supplement this response in accordance with the CPLR.

14.     Plaintiff BADARA OUATTARA was not a member of a union at the time of the occurrence.

15.     Plaintiff BADARA OUATTARA was self-employed at the time of the accident, earning approximately $861.00 a week. As a result of the injuries sustained in the accident herein, he was incapacitated from his employment for a period of approximately twenty four (24) months, and claims loss of earnings by reason thereof in the amount of approximately $87,000.00.

16. and 17.     That as a result of the accident and the injuries sustained, plaintiff received emergency medical treatment at St. Barnabas Hospital located at 4422 Third Avenue, Bronx, New York 10457 but was not otherwise confined thereto. Plaintiff was thereafter confined in and about his bed for a period of approximately three (3) months and home intermittently thereafter to present and continuing, except when receiving necessary medical aid and attention, or upon isolated instances, or during the course of convalescence, rehabilitation and/or therapy.

18.     Plaintiff BADARA OUATTARA claims the following special damages:

|  |  |  |  |
|---|---|---|---|
| a. | Hospital Expenses, approximated at | | $ 25,000.00 |
| b. | Physicians' Services, all bills not received to date, exact amount unknown, approximated at: | | $ 50,000.00 |

| | | |
|---|---|---|
| c. | Nurses' Services | Not Applicable |
| d. | Medicines, approximated at | Not Applicable. |
| e. | Incidental, miscellaneous and sundry expenses including carfares, drugs, transportation, etc., approximated at | $100.00 |

Plaintiff reserves the right to supplement this response in accordance with the CPLR.

19.    Not Applicable.

20.    Plaintiff has sustained a serious injury as defined in Section 5102(d) of the Insurance Law in that said injuries have resulted in permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; and/or a medically determined injury or impairment of a non-permanent nature which prevented plaintiff from performing substantially all of the material acts which constitute plaintiff's usual and customary daily activities for not less than ninety (90) days during the one hundred and eighty (180) days immediately following the occurrence of the injury or impairment.

Plaintiff has sustained economic loss greater that the basic economic loss as defined in Section 5102(a) of the Insurance Law in that the pain, suffering and disability attendant to and arising out of the injuries sustained in the accident herein are not compensable under said section and claim is made for same in the amount set forth in the complaint herein.

21.    As hereinbefore set forth under response to Demand # 15 above.

22.    As hereinbefore set forth under response to Demand #12 above.

23.    As hereinbefore set forth under response to Demand #'s 8-10 and # 12 above.

24.     This demand is over burdensome and goes beyond the scope for a Verified Bill of Particulars.

25.     Plaintiff reserves the right to supplement this response, if necessary upon the completion of all parties EBT's.

26.     Authorizations to obtain copies of the Plaintiff's tax returns will be provided in Plaintiff's Response to Defendant's Combined Demands for Discovery and Inspection.

27.     Plaintiff BADARA OUATTARA was not a student at the time of the occurrence.

28.     Plaintiff is currently not in possession of any written statements with respect to the occurrence.

29.     Plaintiff objects to this demand as it is beyond the scope for a Verified Bill of Particulars and is protected by attorney/client privilege.

Dated:  New York, New York
        January 26, 2022                Yours, etc.,

                                        _____
                                        GREGORY C. MCMAHON, ESQ.
                                        BUDIN REISMAN KUPFERBERG & BERNSTEIN LLP
                                        Attorneys for Plaintiff(s)
                                        Office and P.O. Address
                                        112 Madison Avenue
                                        New York, New York 10016-7416
                                        (212) 696-5500
                                        Our File No. MM11469; pcm

TO:     Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
        Attorneys for Defendants AMAZON.COM INC. and AMAZON.COM SERVICES LLC
        1133 Westchester Avenue
        White Plains, New York 10604

## ATTORNEY'S VERIFICATION

**GREGORY C. MCMAHON**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at **BUDIN, REISMAN, KUPFERBERG & BERNSTEIN, LLP**, attorneys of record for Plaintiff, in the action within. I have read the annexed **BILL OF PARTICULARS** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the county wherein I maintain my offices.

DATED:        New York, New York
              January 26, 2022

              _____
              **GREGORY C. MCMAHON**

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK,
COUNTY OF New York ss.:

PETER C. MRAKOVCIC, being duly sworn, deposes and says:

That deponent is not a party to this action, is over the age of 18 years and resides in QUEENS County in the State of New York.

That on January 26, 2022, deponent served the within **VERIFIED BILL OF PARTICULARS** upon:

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
1133 Westchester Avenue
White Plains, New York 10604

by depositing a true copy of the same securely enclosed in a postpaid wrapper in a Post Office Box regularly maintained by the United States Government at Madison Avenue and East 30th Street, New York, New York directed to the above mentioned attorneys at their respective address, that being the address within the State designated by them for that purpose upon the preceding papers in this action or the place where they kept an office, between which places there then was and now is regular communication by mail.

PETER C. MRAKOVCIC

Sworn to before me on
January 26, 2022

**Notary Public**

DOROTA U. KUZNIAR-ZGLINSKA
Commissioner of Deeds, City of New York
No. 2-12442
Certificate filed in New York County
Commission Expires   5-1-2023

Index No. 813543/2021E
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

BADARA OUATTARA

                    Plaintiff(s),

          -against-

AMAZON. COM INC. and AMAZON.COM SERVICES LLC

                    Defendant(s)

---

### VERIFIED BILL OF PARTICULARS

---

## BUDIN, REISMAN, KUPFERBERG & BERNSTEIN, LLP
**Attorneys for Plaintiff**
**112 Madison Avenue, 2nd Floor**
**New York, New York 10016**
**(212) 696-5500**

# EXHIBIT "D"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-----------------------------------------------------------------------X

BADARA OUATTARA,

Plaintiff,

-against-

OTABEK TILLYAEV AND UZ FREIGHT INC.,

Defendants.

-----------------------------------------------------------------------X

Index No.:

Plaintiff designates Bronx
County as the place of trial.

## SUMMONS

The basis of venue is:
Plaintiff's residence

Plaintiff resides at:
845 Longfellow Avenue
Apartment 4E
County of Bronx

## To the above named Defendants

**You are hereby summoned** to answer the complaint in this action, and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance on the plaintiff's attorneys within (20) twenty days after the service of this summons
exclusive of the day of service, where service is made by delivery upon you personally within the
state, or within (30) thirty days after completion of service where service is made in any other
manner. In case of your failure to appear or answer, judgment will be taken against you by default
for the relief demanded in the complaint.

Dated: New York, New York
October 14, 2020

ADAM S. BERNSTEIN, ESQ.
BUDIN, REISMAN, KUPFERBERG & BERNSTEIN, LLP
Attorneys for Plaintiff
Office & P.O. Address
112 Madison Avenue
New York, NY 10016
(212) 696-5500
Our File # MM11469; js

Defendants' Addresses:

UZ Freight Inc., 12123 S. Pine Drive, Cincinnati, OH 45241

Otabek Tillyaev, 12137 Midpines Drive, Cincinnati, OH 45241

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X
BADARA OUATTARA ,

                          Plaintiff,

              -against-

OTABEK TILLYAEV AND UZ FREIGHT INC.,

                        Defendants.
-----------------------------------------------------------------------X

**VERIFIED COMPLAINT**
Index #

       Plaintiff, by his attorneys BUDIN, REISMAN, KUPFERBERG & BERNSTEIN, LLP, as

and for a cause of action alleges upon information and belief as follows:

       1.     That this action is brought pursuant to the provisions of the New York State

Comprehensive Motor Vehicle Insurance Reparations Act and plaintiff has complied with all of the

conditions thereof.

       2.     That plaintiff sustained serious injuries as defined in §5102(d) of the Insurance Law

of the State of New York.

       3.     That by reason of the foregoing, plaintiff is entitled to recover for non-economic

losses as are not included within the definition of "basic economic loss" as set forth in §5102(a) of

the Insurance Law of the State of New York.

       4.     That plaintiff is a "covered person" as defined in §5102(j) of the Insurance Law of

the State of New York.

       5.     That this action falls within one or more of the exceptions as set forth in CPLR

§1602.

6.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant, UZ FREIGHT INC was a domestic corporation.

7.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant, UZ FREIGHT INC was a foreign corporation.

8.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant, UZ FREIGHT INC did business in the State of New York.

9.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant, UZ FREIGHT, INC. was the owner of a certain motor vehicle bearing State of Ohio license plate No. TH912.

10.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant, UZ FREIGHT, INC. leased and/or rented the aforesaid motor vehicle.

11.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant, UZ FREIGHT, INC. controlled the aforesaid motor vehicle.

12.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant, UZ FREIGHT, INC. maintained the aforesaid motor vehicle.

13.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant, OTABEK TILLYAEV operated the aforesaid motor vehicle.

14.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant, OTABEK TILLYAEV was operating the aforesaid motor vehicle with the knowledge, permission and consent of the owner thereof.

15.     Upon information and belief that at all of the times and places hereinafter mentioned, the aforesaid motor vehicle was being operated upon the business of the owner thereof.

16.     Upon information and belief, that at all of the times and places hereinafter mentioned, the aforesaid motor vehicle was being operated upon the business of the operator thereof.

17.     Upon information and belief, that at all of the times and places hereinafter mentioned, the operator of the aforesaid motor vehicle was in the employ of the owner thereof.

18.     That at all of the times and places hereinafter mentioned, Cross Bronx Expressway and Jerome Avenue, Bronx, New York, in the County of Bronx  and State of New York, were public roadways and thoroughfares.

19.     That at all of the times and places hereinafter mentioned, plaintiff was operating a certain motor vehicle bearing State of New York plate number T663057C.

20.     That on or about December 7, 2019, on the intersection of Cross Bronx Expressway near the Jerome Avenue exit, Bronx, New York, in the County of Bronx, and State of New York, there was contact between the defendants' motor vehicle and plaintiff's motor vehicle.

21.     That the said accident and the injuries and damages to the plaintiff resulting therefrom were caused solely and wholly by reason of the negligence, carelessness and recklessness of the defendants in the ownership, operation and control of their motor vehicle, in that they failed to have and keep the same under reasonable and proper control; in that  caused, allowed and permitted  motor vehicle to run into and violently collide with the  rear of plaintiff's motor vehicle; in that they failed to bring their motor vehicle under control in time to avoid the collision; in that they failed to have their attention before them; in that they failed to look; in that they failed to see; in that they operated and controlled their motor vehicle at a fast and excessive rate of speed under the circumstances and conditions then and there prevailing; in that they failed to provide and/or make

prompt and timely use of adequate and efficient brakes and steering mechanisms; in failing to apply the brakes of their motor vehicle or to take other proper and appropriate evasive action in time to avoid running into and violently colliding with the plaintiff's motor vehicle; in operating the aforesaid motor vehicle in an unreasonable and imprudent manner; in that they operated and controlled their motor vehicle in reckless disregard for the safety of others, and the plaintiff in particular; in that they violated the statutes, ordinances, rules and regulations in the cases made and provided; in that they were inattentive to their duties wherein had they been attentive to their duties the accident and ensuing injuries could have and would have been avoided; in that they failed to act as a reasonable and prudent person could have and would have under the circumstances and conditions then and there prevailing; in that they operated and controlled their motor vehicle in such a willful, wanton and grossly culpable manner as to be liable for damages and punitive damages; in that they acted in reckless disregard for the safety of others, and the plaintiff in particular; and in that they failed to take all necessary and proper means and precautions to avoid the said accident.

22.     That as a result of the negligence of the defendants, plaintiff sustained injuries to various parts of his head, body, limbs and nervous system and, upon information and belief, some of his said injuries are of a permanent and/or protracted nature; that by reason thereof, he was confined to hospital, bed and home and prevented from attending to his usual duties and daily activities; and he was required and will be required to obtain medical aid and attention in an effort to cure and alleviate his said injuries, and incurred obligations therefor.

WHEREFORE, plaintiff demands judgment against the defendants in an amount that exceeds the jurisdictional limits of all of the lower Courts, together with interest, and the costs and disbursements of this action.

Dated:     New York, New York
           October 14, 2020          Yours, etc.

                                     _____
                                     **ADAM S. BERNSTEIN, ESQ.**
                                     BUDIN, REISMAN, KUPFERBERG & BERNSTEIN, LLP
                                     Attorneys for Plaintiff
                                     Office and P.O. Address
                                     112 Madison Avenue, 2nd Floor
                                     New York, New York 10016-7416
                                     (212) 696-5500
                                     Our File # MM11469:js

VERIFICATION

The undersigned, being an attorney duly admitted to practice in the Courts of the State of

New York, affirms under the penalties of perjury:

That I am one of the attorneys for the plaintiff in the within action; that I have read and

know the contents of the foregoing complaint, and that the same is true to my own knowledge,

except as to the matters therein stated to be alleged upon information and belief, and that as to those

matters I believe it to be true.

This verification is made by affirmation and not by plaintiff herein because the plaintiff is

not presently within the county wherein affirmant maintains an office.

This verification is based on information furnished by plaintiff in this action and

information contained in affirmant's file.

Dated:    New York, New York
          October 14, 2020

_____
ADAM S. BERNSTEIN

# Exhibit E

ABS-7 (1/19)

New York State Department of Motor Vehicles

# POLICE ACCIDENT REPORT (NYC)
## MV-104AN (7/11)

| Precinct | 046 |
| Accident No. | MV-2019-046-002417 |
| Complaint Number | |

**AMENDED REPORT** ☐

**19**
**20 60**

| 1 | Accident Date | | | Day of Week | Military Time | No. of Vehicles | No. Injured | No. Killed | Not investigated at Scene ☐ | | Left Scene | Police Photos |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| - | Month 12 | Day 7 | Year 2019 | SATURDAY | 18:43 | 2 | 1 | 0 | Reconstructed ☐ | | ☐ | Yes ☐ No ☑ |

VEHICLE 1 ☑ VEHICLE 2 ☐ BICYCLIST ☐ PEDESTRIAN ☐ OTHER PEDESTRIAN

| | VEHICLE 1 | | | | | | | | | VEHICLE 2 | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | VEHICLE 1 - Driver License ID Number 420138031 | | | | State of Lic. NY | | | | | VEHICLE 2 - Driver License ID Number V683740 | | | | | | State of Lic. OH | | |
| | Driver Name - exactly as printed on license OUATTARA, BADARA, A | | | | | | | | | Driver Name - exactly as printed on license TILLYAEV, OTABEK, A | | | | | | | | |
| | Address (Include Number & Street) 845 LONGFELLOW | | | | | | | Apt. No. 4E | | Address (Include Number & Street) 12137 MIDPINES DR | | | | | | | Apt. No. 84 | |
| | City or Town BRONX | | | | State NY | | Zip Code 10474 | | | City or Town CINCINNATI | | | | | State OH | | Zip Code 45241 | |
| 3 1 | Date of Birth Month 2 Day 23 Year 1979 | Sex M | Unlicensed ☐ | No. of Occupants 1 | Public Property Damage ☐ | | | | | Date of Birth Month 2 Day 3 Year 1985 | Sex M | Unlicensed ☐ | No. of Occupants 1 | | | Public Property Damage ☐ | | |

| 4 4 | Name-exactly as printed on registration TRAORE, ABDUL, CHEICK | | Sex M | Date of Birth Month Day Year | | | Name-exactly as printed on registration UZ FREIGHT INC | | Sex | Date of Birth Month Day Year | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Address (Include Number & Street) 845 LONGFELLOW | | Apt. No. 4 | Haz. Mat. Code | Released ☐ | | Address (Include Number & Street) 12123 S PINE DR | | Apt. No. | Haz. Mat. Code | Released ☐ | **23** |
| | City or Town BRONX | State NY | Zip Code 10474 | | | | City or Town CINCINNATI | | State OH | Zip Code 45241 | | **24 7** |

| 5 1 | Plate Number T663057C | State of Reg. NY | Vehicle Year & Make 2012 FORD | Vehicle Type TAXI | Ins. Code 36 | | Plate Number TH912 | State of Reg. OH | Vehicle Year & Make 2020 VOLVO | Vehicle Type TRACTOR TRUCK DIESEL | Ins. Code 999 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Ticket/Arrest Number(s) | | | | | | Ticket/Arrest Number(s) | | | | |
| | Violation Section(s) | | | | | | Violation Section(s) | | | | |

| 6 1 | Check if involved vehicle is: ☐ more than 95 inches wide; ☐ more than 34 feet long; ☐ operated with an overweight permit. ☐ operated with an overdimension permit. | V E H I C L E 2 | Check if involved vehicle is: ☐ more than 95 inches wide; ☐ more than 34 feet long; ☐ operated with an overweight permit. ☐ operated with an overdimension permit. |
|---|---|---|---|

Circle the diagram below that describes the accident, or draw your own diagram in space #9. Number the vehicles.

| | Rear End | Left Turn | Right Angle | Right Turn | Head On |
| Sideswipe (same direction) | | Left Turn | | Right Turn | Sideswipe (opposite direction) |

**25 1**
**26 1**
**27 1**

| 7 1 | V E H I C L E 1 | VEHICLE 1 DAMAGE CODES | | V E H I C L E 2 | VEHICLE 2 DAMAGE CODES | |
|---|---|---|---|---|---|---|
| | | Box 1 - Point of Impact Box 2 - Most Damage | 8 8 | | Box 1 - Point of Impact Box 2 - Most Damage | 1 2 |
| | | Enter up to three more Damage Codes | 3 4 5 | | Enter up to three more Damage Codes | 3 4 5 |

ACCIDENT DIAGRAM

| | Vehicle Towed: | By | | | Vehicle Towed: | By |
| | To | | | | To | |

**DIAGRAM ATTACHED ON SUBSEQUENT PAGE**

VEHICLE DAMAGE CODING:
1-13. SEE DIAGRAM ON RIGHT.
14. UNDERCARRIAGE   17. DEMOLISHED
15. TRAILER   18. NO DAMAGE
16. OVERTURNED   19. OTHER

**1 REAR END**

Cost of repairs to any one vehicle will be more than $1000.
Unknown/Unable to Determine ☐   Yes ☑   No ☐

**28 1**

| Reference Marker 9 5 I | Coordinates (if available) Latitude/Northing: 40.84525 | Place Where Accident Occurred: ☑ BRONX ☐ KINGS ☐ NEW YORK ☐ QUEENS ☐ RICHMOND |
|---|---|---|
| X 1 M 2 | | Road on which accident occurred 95I W/B CROSS BRONX EXPY (Route Number or Street Name) |
| 2 0 0 7 | Longitude/Easting: -73.91499 | at 1) intersecting street _____ ☐ N ☐ S (Route Number or Street Name) or 2) ____ Feet ____ Miles ☐ E ☐ W of 2/10 MILE W/O JEROME AVE (Milepost, Nearest Intersecting Route Number or Street Name) |

**29 1**

Accident Description/Officer's Notes   DRIVER OF VEHICLE 2 (V2) STATED THAT AT TPO HEWAS DRIVING WESTBOUND IN THE MIDDLE LAME OF THE WESTBOUND SIDE OF THE CROSS BRONX EXPRESSWAY. VEHICLE 1 (V1) WAS IN FRONT OF V2 WHEN IT DECELERATED SUDDENLY, CAUSING V2 TO REAR END V1. DRIVER OF V2 SUSTAINED NO INJURIES; RMA.   DRIVER OF V1 COMPLAINED OF PAIN TO THE NECK AND BACK. DRIVER OF V1 WAS UNABLE TO MAKE STATEMENT AT THE TIME OF REPORT. DRIVER OF V1 WAS REMOVED BY EMS

**30 1**

**P**

| | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 BY | TO | 18 | Names of all involved | Date of Death Only |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | 1 | 1 | | 2 | 1 | 40 | M | | 4 | 12 | 6 | | OUATTARA, BADARA, A | |
| B | 2 | 1 | | 2 | 1 | 34 | M | | | | | | TILLYAEV, OTABEK, A | |

| Officer's Rank and Signature ♦ POF | | Tax ID No. 967643 | NCIC No. 03030 | Precinct 046 | Post/Sector | Reviewing Officer SGT ERICA D LLOYD | Date/Time Reviewed 12/08/2019 11:04 |
|---|---|---|---|---|---|---|---|

ABS-7 (1/19)

This is to certify that this document is a true and complete copy of a record on file in the New York State Department of Motor Vehicles, Albany, New York.

COMMISSIONER OF MOTOR VEHICLES

New York State Department of Motor Vehicles
# POLICE ACCIDENT REPORT (NYC)
## MV-104AN (7/11)

**AMENDED REPORT**

| Precinct | 046 |
| Accident No. | MV-2019-046-002417 | Complaint Number |

**19**
**20**

### VEHICLE

| | Accident Date | | | Day of Week | Military Time | No. of Vehicles | No. Injured | No. Killed | Not investigated at Scene | Left Scene | Police Photos |
| **1** | Month 12 | Day 7 | Year 2019 | SATURDAY | 18:43 | 2 | 1 | 0 | Reconstructed ☐ | ☐ | Yes ☐ No ☑ |

| VEHICLE ☑ | VEHICLE ☐ | BICYCLIST ☐ | PEDESTRIAN ☐ | OTHER PEDESTRIAN ☐ |

**2** VEHICLE - Driver / License ID Number — State of Lic.
Driver Name - exactly as printed on license
Address (Include Number & Street)  Apt. No.
City or Town  State  Zip Code

**21** VEHICLE - Driver / License ID Number — State of Lic.
Driver Name - exactly as printed on license
Address (Include Number & Street)  Apt. No.
City or Town  State  Zip Code

**3 1** Date of Birth: Month / Day / Year  Sex  Unlicensed ☐  No. of Occupants  Public Property Damaged
**23** Date of Birth: Month / Day / Year  Sex  Unlicensed ☐  No. of Occupants  Public Property Damaged

Name—exactly as printed on registration  Sex  Date of Birth: Month / Day / Year

**4 4** Address (Include Number & Street)  Apt. No.  Haz. Mat. Codes  Released ☐
City or Town  State  Zip Code

Name—exactly as printed on registration  Sex  Date of Birth: Month / Day / Year
Address (Include Number & Street)  Apt. No.  Haz. Mat. Codes  Released ☐
City or Town  State  Zip Code

**5 1** Plate Number  State of Reg.  Vehicle Year & Make  Vehicle Type  Ins. Code
**24** Plate Number  State of Reg.  Vehicle Year & Make  Vehicle Type  Ins. Code

Ticket/Arrest Number(s)
Violation Section(s)

Ticket/Arrest Number(s)
Violation Section(s)

**6 V E H I C L E** Check if involved vehicle is:
☐ more than 95 inches wide;
☐ more than 34 feet long;
☐ operated with an overweight permit.
☐ operated with an overdimension permit.

**V E H I C L E 2** Check if involved vehicle is:
☐ more than 95 inches wide;
☐ more than 34 feet long;
☐ operated with an overweight permit.
☐ operated with an overdimension permit.

Circle the diagram below that describes the accident, or draw your own diagram in space #9. Number the vehicles.

**25**
**26**

**VEHICLE 1 DAMAGE CODES**
Box 1 - Point of Impact
Box 2 - Most Damage
Enter up to three more Damage Codes: 3 4 5
Vehicle ___ By ___ Towed: To ___

**VEHICLE 2 DAMAGE CODES**
Box 1 - Point of Impact  1  2
Box 2 - Most Damage
Enter up to three more Damage Codes: 3 4 5
Vehicle ___ By ___ Towed: To ___

**7 1**

Rear End  Left Turn  Right Angle  Right Turn  Head On
Sideswipe (same direction)  Left Turn  Right Turn  Sideswipe (opposite
1. 2. 3. 4. 5. 6. 7. 8.

**ACCIDENT DIAGRAM**

**27 1**

VEHICLE DAMAGE CODING:
1-13. SEE DIAGRAM ON RIGHT.
14. UNDERCARRIAGE  17. DEMOLISHED
15. TRAILER  18. NO DAMAGE
16. OVERTURNED  19. OTHER

**DIAGRAM ATTACHED ON SUBSEQUENT PAGE**

**1 REAR END**

Cost of repairs to any one vehicle will be more than $1000.
Unknown/Unable to Determine ☐  Yes ☐  No ☐

**28 1**

| Reference Marker | Coordinates (if available) |
| 9 5 I | Latitude/Northing: 40.84525 |
| X 1 M 2 | |
| 2 0 0 7 | Longitude/Easting: -73.91499 |

**Place Where Accident Occurred:** ☑ BRONX ☐ KINGS ☐ NEW YORK ☐ QUEENS ☐ RICHMOND

Road on which accident occurred 95I W/B CROSS BRONX EXPY
(Route Number or Street Name)

at 1) intersecting street _____ (Route Number or Street Name)
or 2) _____ Feet _____ Miles ☐ N ☐ S ☐ E ☑ W of 2/10 MILE W/O JEROME AVE
(Milepost, Nearest Intersecting Route or Street Name)

**29**

Accident Description/Officer's Notes **TO ST. BARNABAS HOSPITAL.**

**30**
**P**

| | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | BY | TO | 18 | Names of all involved | Date of Death Only |
| **A L L   I N V O L V E D** | | | | | | | | | | | | | | | |

| Officer's Rank and Signature ♦ POF | Tax ID No. 967643 | NCIC No. 03030 | Precinct 046 | Post/Sector | Reviewing Officer SGT ERICA D LLOYD | Date/Time Reviewed 12/08/2019 11:04 |
| Print Name ABSALEM JEAN | | | | | | |

This is to certify that this document is a true and complete copy of a record on file in the New York State Department of Motor Vehicles, Albany, New York.

COMMISSIONER OF MOTOR VEHICLES





This is to certify that this document is a true and complete copy of a record on
file in the New York State Department of Motor Vehicles, Albany, New York.

COMMISSIONER OF MOTOR VEHICLES

# EXHIBIT "F"



| DATE | DOCUMENT ID | DESCRIPTION | FILING | EXPED | CERT | COPY |
|------|-------------|-------------|--------|-------|------|------|
| 02/19/2019 | 201904700864 | DOMESTIC FOR PROFIT CORP - ARTICLES (ARF) | 99.00 | 0.00 | 0.00 | 0.00 |

## Receipt

This is not a bill. Please do not remit payment.

KHURSHED  GAIBOV
12123 S PINE DR
APT# 281
CINCINNATI, OH 45241

# STATE OF OHIO
## CERTIFICATE
### Ohio Secretary of State, Frank LaRose
#### 4294514

It is hereby certified that the Secretary of State of Ohio has custody of the business records for

U. Z. FREIGHT INC.

and, that said business records show the filing and recording of:

Document(s)                                                                 Document No(s):
**DOMESTIC FOR PROFIT CORP - ARTICLES**                    **201904700864**
            Effective Date:   02/16/2019



United States of America
State of Ohio
Office of the Secretary of State

Witness my hand and the seal of the Secretary of State at Columbus, Ohio this 19th day of February, A.D. 2019.

**Ohio Secretary of State**

Form 532A Prescribed by:



Date Electronically Filed: 2/16/2019

Toll Free: (877) SOS-FILE (877-767-3453)  |  Central Ohio: (614) 466-3910
www.OhioSecretaryofState.gov  |  Busserv@OhioSecretaryofState.gov

File online or for more information: www.OHBusinessCentral.com

# Initial Articles of Incorporation
## (For Profit, Domestic Corporation)
## Filing Fee: $99
### (113 - ARF)
### Form Must Be Typed

**First:**   Name of Corporation   U. Z. Freight INC.

(Name must include the following word or abbreviation:
company, co., corporation, corp., incorporated, or inc.)

**Second:**   Location of Principal Office in Ohio

CINCINNATI    OHIO
City    State

HAMILTON
County

**Optional:**   Effective Date (MM/DD/YYYY)  2/16/2019   (The legal existence of the corporation begins upon the filing of the articles or on a later date specified that is not more than ninety days after filing.)

**Third:**   The number of shares which the corporation is authorized to have outstanding.
(Please state if shares are common or preferred and their par value, if any.)

990    COMMON    0
Number of Shares    Type of Shares    Par Value of Shares

**Fourth:**   If the corporation is to have an initial stated capital, please state the amount of that stated capital.

0
Amount

** Note: ORC Chapter 1701 allows additional provisions to be included in the Articles of Incorporation that are filed with this office. If including any of these additional provisions, please do so by including them in an attachment to this form. **

## Original Appointment of Statutory Agent

The undersigned, being at least a majority of the incorporators of

| U. Z. Freight INC. |
| --- |

(Name of Corporation)

hereby appoint the following to be Statutory Agent upon whom any process, notice or demand required or permitted by statute to be served upon the corporation may be served. The complete address of the agent is:

| KHURSHED GAIBOV |
| --- |

(Name of Statutory Agent)

| 12123 S PINE DR,  # 281 |
| --- |

(Mailing Address)

| CINCINNATI | OH | 45241 |
| --- | --- | --- |

(Mailing City) · (Mailing State) · (Mailing ZIP Code)

Must be signed by the incorporators or a majority of the incorporators.

| KHURSHED GAIBOV |
| --- |

(Signature)

|  |
| --- |

(Signature)

|  |
| --- |

(Signature)

## Acceptance of Appointment

The Undersigned,

| KHURSHED GAIBOV |
| --- |

, named herein as the

(Name of Statutory Agent)

Statutory agent for

| U. Z. Freight INC. |
| --- |

(Name of Corporation)

hereby acknowledges and accepts the appointment of statutory agent for said corporation.

Statutory Agent Signature

| KHURSHED GAIBOV |
| --- |

(Individual Agent's Signature / Signature on Behalf of Business Serving as Agent)

**By signing and submitting this form to the Ohio Secretary of State, the undersigned hereby certifies that he or she has the requisite authority to execute this document.**

**Required**

Articles and original appointment of agent must be signed by the incorporator(s).

If the incorporator is an individual, then they must sign in the "signature" box and print his/her name in the "Print Name" box.

If the incorporator is a business entity, not an individual, then please print the entity name in the "signature" box, an authorized representative of the business entity must sign in the "By" box and print his/her name and title/authority in the "Print Name" box.

| KHURSHED GAIBOV |
| --- |

Signature

| |
| --- |

By (if applicable)

| |
| --- |

Print Name

| |
| --- |

Signature

| |
| --- |

By (if applicable)

| |
| --- |

Print Name

| |
| --- |

Signature

| |
| --- |

By (if applicable)

| |
| --- |

Print Name

# EXHIBIT "G"

## Overbeck, Brittaney J.

| | |
|---|---|
| **From:** | Jeoungson Kim <jkim@mdafny.com> |
| **Sent:** | Friday, February 4, 2022 4:05 PM |
| **To:** | Overbeck, Brittaney J. |
| **Cc:** | Hsu, John |
| **Subject:** | Re: Badara Ouattara v. Otabek Tillyaev, et al |

**[EXTERNAL EMAIL]**

Hi, I have no problem with removing

Sent from my T-Mobile 5G Device
Get Outlook for Android

---

**From:** Overbeck, Brittaney J. <Brittaney.Overbeck@wilsonelser.com>
**Sent:** Friday, February 4, 2022 3:36:08 PM
**To:** jkim@mdafny.com <jkim@mdafny.com>
**Cc:** Hsu, John <John.Hsu@wilsonelser.com>
**Subject:** RE: Badara Ouattara v. Otabek Tillyaev, et al

Hi Jeoungson,

I just wanted to follow up on my below email, as plaintiff served a BP so my 30 days to remove has started to run.

Thanks

Brittaney

Brittaney J. Overbeck
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
1133 Westchester Avenue
White Plains, NY 10604
914.872.7236 (Direct)
516.477.1092 (Cell)
914.323.7000 (Main)
914.323.7001 (Fax)
brittaney.overbeck@wilsonelser.com

---

**From:** Overbeck, Brittaney J.
**Sent:** Monday, January 31, 2022 11:12 AM
**To:** 'jkim@mdafny.com' <jkim@mdafny.com>
**Cc:** Hsu, John <John.Hsu@wilsonelser.com>
**Subject:** Badara Ouattara v. Otabek Tillyaev, et al

Good Morning Jeoungson,

I hope all is well with you. I previously called you about this matter. I wanted to follow up with you. My office represents Amazon in the related matter. We would like to remove this case to federal court as both actions

appear to be removable. Please confirm your office would consent to removal? We just received plaintiff's BP today, with a loss wage claim over $75,000, so our time to remove starts now.

Thanks,

Brittaney

Brittaney J. Overbeck
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
1133 Westchester Avenue
White Plains, NY 10604
914.872.7236 (Direct)
516.477.1092 (Cell)
914.323.7000 (Main)
914.323.7001 (Fax)
brittaney.overbeck@wilsonelser.com

CONFIDENTIALITY NOTICE: This electronic message is intended to be
viewed only by the individual or entity to whom it is addressed.
It may contain information that is privileged, confidential and
exempt from disclosure under applicable law. Any dissemination,
distribution or copying of this communication is strictly prohibited
without our prior permission. If the reader of this message is not
the intended recipient, or the employee or agent responsible for
delivering the message to the intended recipient, or if you have
received this communication in error, please notify us immediately by
return e-mail and delete the original message and any copies of it
from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman &
Dicker LLP, please see our website at www.wilsonelser.com or refer to
any of our offices.
Thank you.