UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BADARA OUATTARA,

                              Plaintiff,

              -against-

AMAZON.COM, INC. and AMAZON.COM
SERVICES, LLC,

                              Defendants.

---

Case No. 1:22-cv-01753 (JLR)

**MEMORANDUM OPINION
<u>AND ORDER</u>**

JENNIFER L. ROCHON, United States District Judge:

The Court is in receipt of Defendants' letter motion, dated November 15, 2022, which seeks to implead Otabek Tillyaev and U.Z. Freight Inc. ("Proposed Third-Party Defendants") pursuant to Federal Rule of Civil Procedure 14(a).  ECF No. 36.  The Proposed Third-Party Defendants are currently being sued by Plaintiff in state court for allegations similar to those in the operative Complaint here.  *Id.* at 1.  On November 15, 2022, Plaintiff filed a letter indicating that he "does not necessarily oppose" the motion, but that he "would be irrevocably prejudiced unless they were <u>also named as direct defendants</u>."  ECF No. 39 at 1.  Defendants subsequently filed a request to extend the November 15, 2022 discovery deadline, to which Plaintiff consents.  ECF No. 40.  For the following reasons, Defendants' requests are GRANTED.

## BACKGROUND

Plaintiff filed suit against Defendants Amazon.com and Amazon.com Services in the Supreme Court of the State of New York, County of Bronx, on October 6, 2021 for damages resulting from a car accident.  ECF No. 1.  Defendants – the alleged employers of the driver Plaintiff faults for the accident, and the alleged owners of that driver's vehicle – removed the

case to this Court on March 2, 2022, based on the diversity of the parties. *Id.* at pgs. 4-5, 10-12.[1] On July 6, 2022, the Court entered a discovery schedule that indicated that no motions to amend or join parties shall be made after August 6, 2022.  ECF No. 16 at 1.  On October 3, 2022, after the case was reassigned to the undersigned, the parties filed a letter seeking an extension of the discovery deadlines.  ECF No. 20.  On October 19, 2022, the parties appeared for a conference, and the Court entered a revised scheduling order extending the fact discovery deadline from November 4, 2022 to November 15, 2022.  ECF No. 25 at 2.

Several days later, on October 26, 2022, Defendants filed a letter seeking the Court's guidance as to the consolidation of the instant action with the separate state court action proceeding against the Proposed Third-Party Defendants.  ECF No. 27; *see also* ECF No. 30. The Court denied that request as seeking an improper advisory opinion.  ECF No. 28. Subsequently, Defendants filed a motion for permissive joinder of the Proposed Third-Party Defendants pursuant to Federal Rule of Civil Procedure 20, which Plaintiff opposed.  *See* ECF Nos. 30, 32.  The Court denied Defendants' motion on the grounds that it was the improper party to bring that motion, Plaintiff opposed it, and because the time for joinder had lapsed. ECF No. 33.  Following that ruling, both parties retained new counsel.  *See* ECF Nos. 34, 35.  A few days later, Defendants filed the instant motions.

## DISCUSSION

### I.    Motion to File a Third-Party Complaint

In their letter-motion, Defendants seek to implead the Proposed Third-Party Defendants in this action under Federal Rule of Civil Procedure ("Rule") 14(a).  Rule 14(a)(1) permits a

---

[1] Unless otherwise indicated, all record citation page numbers herein refer to the ECF-generated page numbers.

defendant, within 14 days of serving its answer, to "serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  After that time, a defendant must obtain leave of court to serve a third-party defendant.  *Id.*  "The general purpose of the rule [is] to avoid two actions which should be tried together to save the time and cost of a reduplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him and a judgment [in] his favor against the third-party defendant."  *Dery v. Wyer*, 265 F.2d 804, 806-07 (2d Cir. 1959) (internal citations and quotation marks omitted).  "Impleading a third-party is appropriate where the third-party defendant's liability to the third-party plaintiff is dependent upon the outcome of the main claim or the third-party defendant is potentially secondarily liable as a contributor to the defendant."  *iBasis Glob., Inc. v. Diamond Phone Card, Inc.*, 278 F.R.D. 70, 74 (E.D.N.Y. 2011) (internal quotation marks and citation omitted).  Indeed, "[t]he traditional grounds for a third-party action are indemnification, contribution, or subrogation."  *Id.*

On a motion pursuant to Rule 14(a), courts consider the following four factors: "(i) whether the movant deliberately delayed or was derelict in filing the motion; (ii) whether impleading would unduly delay or complicate the trial; (iii) whether impleading would prejudice the third-party defendant; and (iv) whether the third-party complaint states a claim upon which relief can be granted."  *Too, Inc. v. Kohl's Dep't Stores, Inc.*, 213 F.R.D. 138, 140 (S.D.N.Y. 2003); *see Lupia v. N.J. Transit Rail Operations, Inc.*, No. 21-cv-11077 (LJL), 2022 WL 16549227, at *2 (S.D.N.Y. Oct. 31, 2022) (citing *Olin Corp. v. Lamorak Ins. Co.*, No. 84--cv-1968 (JSR), 2017 WL 6398632, at *2 (S.D.N.Y. Nov. 29, 2017)).  A court also should consider whether the impleader "would prejudice the plaintiff."  *Lupia*, 2022 WL 16549227, at

*2.  "The court must balance the benefits derived from impleader – that is, the benefits of settling related matters in one suit – against the potential prejudice to the plaintiff and third-party defendants." *Gross v. Hanover Ins. Co.*, 138 F.R.D. 53, 55 (S.D.N.Y.  1991) (quoting *Oliner v. McBride's Industries, Inc.*, 106 F.R.D. 14, 20 (S.D.N.Y. 1985)).  "The decision whether to implead a third-party defendant is addressed to the sound discretion of the trial court." *Olin Corp.*, 2017 WL 6398632, at *2.

Defendants argue that they "ha[ve] not deliberately delayed in filing the instant motion" because they have made several efforts to bring the Proposed Third-Party Defendants into this action.  ECF No. 36 at 2.  Since the Court brought the parties in for a conference to discuss the discovery in this reassigned case on October 19, 2022, Defendants have twice asked the Court to bring the Proposed Third-Party Defendants into this case.  First, Defendants filed a letter asking for guidance as to how to consolidate this case with the state proceeding, which the Court denied.  ECF No. 28.  Several days later, Defendants asked the Court for permission to join the Proposed Third-Party Defendants as co-defendants, pursuant to Federal Rule of Civil Procedure 20, which the Court also denied in part in light of Plaintiff's opposition.  ECF No. 33.  But these recent requests were also filed long after the August 2022 deadline to file a motion to join parties.  ECF No. 16.  Defendants do not address their failure to seek to bring the Proposed Third-Party Defendants into the action from the time they removed the case to this Court in March 2022, to the deadline for joining parties in August 2022.

Nevertheless, there is no trial scheduled yet in this action, and the parties appear to be working together through discovery.  *See, e.g.*, ECF No. 36 at 2 (noting that Plaintiff's deposition was taken on November 11, 2022 and other depositions are scheduled).  In fact, the discovery in this case will likely overlap completely with the discovery in the state court

proceeding in which Plaintiff and the Proposed Third-Party Defendants are parties, because both disputes arise out the same event.  Permitting Defendants to implead the Proposed Third-Party Defendants would permit the parties to work through discovery more efficiently and economically on issues central to the dispute between the parties.  This may allow the parties to proceed to resolution or trial sooner than they otherwise might have in light of the slower-moving state court action.  And there would be no prejudice to the Proposed Third-Party Defendants, who are already defendants in an action on these facts, and who previously consented to being joined in this action pursuant to Rule 20.  *See* ECF No. 30 at 1.

Plaintiff, who previously opposed efforts to bring the new parties into this action, has now changed course, and agrees that the Proposed Third-Party Defendants should be a part of this action.  ECF No. 39 at 1 ("Plaintiff does not necessarily oppose the owner and driver being named as third-party defendants . . . .").  Plaintiff only maintains that he would be "irrevocably prejudiced" unless the Proposed Third-Party Defendants are also named as direct defendants in this action (despite his earlier opposition to joinder of the parties as direct defendants).  *Id*.  Any potential prejudice to Plaintiff may be remedied by Federal Rule of Civil Procedure 14(a)(3). That rule provides that, once the third-party defendant has been served, "[t]he plaintiff may assert against the third-party defendant any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff."  Fed. R. Civ. P. 14(a)(3).

Notably, any claim a plaintiff brings against a third-party defendant pursuant to Rule 14 "must satisfy ordinary jurisdictional requirements."  *Chase Manhattan Bank, N.A. v. Aldridge*, 906 F. Supp. 866, 868 (S.D.N.Y. 1995).  If there is no independent basis for jurisdiction of that claim, "in a case where the court [otherwise] has jurisdiction premised on diversity, plaintiffs

cannot rely on supplemental jurisdiction to bring claims against defendants impleaded under" Rule 14(a). *Rocky Aspen Mgmt. 204 LLC v. Hanford Holdings LLC*, 358 F. Supp. 3d 279, 282 (S.D.N.Y. 2019). The third-party complaint here asserts that both Third-Party Defendants are domiciled in Ohio, which would establish diversity jurisdiction. *See* ECF No. 36-1 ¶¶ 3-4, 6. This will need to be reconciled with assertions regarding the Third-Party Defendants' domicile set forth in the state court action. *See* ECF No. 1, Ex. D; ECF No. 27 at 2. In any event, the Court is unpersuaded that Plaintiff will suffer undue prejudice through impleader because it has already filed an action against Third-Party Defendants in state court, and may be able to assert claims against them in this action. Moreover, the benefit of litigating all aspects of this case together, if possible, is significant.

Finally, the Court considers whether Defendants' proposed third-party complaint against Otabek Tillyaev and U.Z. Freight Inc. fails to state a claim. The Court need only consider whether "the third-party complaint would foster an obviously unmeritorious claim." *Too, Inc.*, 213 F.R.D. at 142 (internal quotation marks and citations omitted). Defendants' proposed third-party complaint asserts claims against the Proposed Third-Party Defendants for contractual indemnification, contribution and common law indemnification, and "breach of agreement including failure to secure liability insurance." ECF No. 36-1 ¶¶ 27-44.

Under New York law, "[w]hen an aggrieved party recovers not from a wrongdoer but from a third party, the third party's subsequent claim against the wrongdoer becomes one for indemnification." *Lehman XS Tr., Series 2006-GP2 by U.S. Bank Nat'l Ass'n v. GreenPoint Mortg. Funding, Inc.*, 916 F.3d 116, 125 (2d Cir. 2019). For claims for indemnification, the "key element . . . is not a duty running from the indemnitor to the injured party, but rather is a separate duty owed the indemnitee by the indemnitor." *Perkins Eastman Architects, P.C. v. Thor*

*Engineers, P.A.*, 769 F. Supp. 2d 322, 329-30 (S.D.N.Y. 2011) (internal quotation marks and citation omitted).  Defendants have alleged that they were in a contractual relationship with the Proposed Third-Party Defendants, and during that relationship, the accident occurred.  *See* ECF No. 36-1 ¶¶ 10-14.  These allegations are consistent with the operative complaint in the action between Plaintiff and Defendants.  *See, e.g.*, ECF No. 1 at pgs. 12-13, ¶¶ 27-34.  In fact, there seems to be no dispute that Defendants would only be vicariously liable in this action for the negligence of the Third-Party Defendants.  Accordingly, the Court concludes that the complaint likely sufficiently states a claim under New York law for purposes of the motion to implead parties.

For the foregoing reasons, Defendants' motion to implead the Proposed Third-Party Defendants is granted.

## II.       Motion for Extension of Discovery Schedule

Defendants also seek an extension of the discovery deadlines, with Plaintiff's consent. *See* ECF No. 40.  Notably, the deadline to complete discovery (November 15, 2022) has already passed.  However, in light of the inclusion of Otabek Tillyaev and U.Z. Freight Inc. in this litigation, the Court grants Defendants' motion in part in order to permit the Third-Party Defendants to engage in fulsome discovery.  The Court notes that discovery involving all the parties appears to be already underway.  The parties shall work expeditiously to complete discovery in this case without further delay.

## CONCLUSION

Defendants' motion to implead Otabek Tillyaev and U.Z. Freight Inc. as Third-Party Defendants pursuant to Federal Rule of Civil Procedure 14(a) is hereby GRANTED.  IT IS HEREBY ORDERED that Defendants shall serve the third-party complaint on Otabek Tillyaev

and U.Z. Freight Inc. within seven (7) days of the date of this Order.  IT IS FURTHER

ORDERED that the parties shall comply with the Civil Case Management Plan and Scheduling

Order that will be docketed forthwith.

The Clerk of Court is respectfully directed to terminate the motions pending at ECF Nos.

36 and 40.

Dated:  November 22, 2022                                           SO ORDERED.
        New York, New York

_____
JENNIFER L. ROCHON
United States District Judge